**Earl L. JAMES, Petitioner,**

v.

**FEDERAL ENERGY REGULATORY COMMISSION, Respondent.**

**Appeal No. 84–979.**

United States Court of Appeals, Federal Circuit.

Nov. 21, 1984.

Rehearing Denied Feb. 8, 1985.

Opinion on rehearing, Fed.Cir., 755 F.2d 154.

Barry J. Rosenthal, Rockville, Md., submitted for petitioner.

Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director, Thomas W. Petersen and Alvin A. Schall, Washington, D.C., submitted for respondent.

Before NIES, NEWMAN and BISSELL, Circuit Judges.

NIES, Circuit Judge.

This appeal is from the decision of the Merit Systems Protection Board (MSPB), Case No. DC07528210354, affirming the removal of petitioner from his position with the Federal Energy Regulatory Commis-

---

**2.** I concur fully in affirmance on the issues, other than collateral estoppel and invalidity of the '297 patent under § 102(b).

sion (FERC) for using disrespectful language toward his supervisor. We affirm.

## Background

Petitioner was employed as a lithographic pressman with the FERC. In the 13 months preceding petitioner's removal on October 23, 1981, petitioner had been reprimanded on one occasion and suspended on another for using abusive language. Petitioner had also been suspended for insubordination and had been terminated from the Employee Assistance Program, a counseling service, because of his "un-cooperative attitude and failure to keep appointments."

Petitioner was removed for an incident occurring August 20, 1981, in which petitioner, in a loud voice, called his supervisor profane and abusive names as his supervisor passed through the press area. At the hearing before the presiding official of the MSPB, petitioner denied having used such language toward his supervisor. However, petitioner's testimony was contradicted by that of other employees present in the press area at the time of the incident. The presiding official, after reviewing the evidence and observing the demeanor of the witnesses, determined that the agency's charge was supported by a preponderance of the evidence.

The presiding official also considered the appropriateness of the penalty of removal in view of mitigating factors as required by *Douglas v. Veterans Administration*, 5 MSPB 313, 331–32 (1981). The presiding official noted that while the use of profanity was common in the print plant, the agency did not sanction the use of abusive language (disrespectful language directed to an individual) as evidenced by a reprimand petitioner's supervisor had himself received for abusive language. Since petitioner had been progressively disciplined for abusive language, the presiding official found the atmosphere at the plant insufficient to mitigate the penalty.

## I.

Petitioner's primary argument on appeal is that the presiding official failed to identify the basis on which the agency demonstrated the requisite nexus between the removal of petitioner and the efficiency of the service. Petitioner also contends that the FERC and the presiding official both failed to consider a number of "essential" mitigating factors, such as harassment by petitioner's supervisor, that petitioner had a hearing problem and, as a consequence, always spoke in a loud voice, and that petitioner had emotional problems.

## II.

Before addressing petitioner's arguments, we first consider the government's preliminary contention that petitioner can raise on appeal only those issues that were presented in his *petition for review* to the full board, citing *Lizut v. Department of the Army*, 717 F.2d 1391, 1395–96 (Fed.Cir. 1983). Under *Lizut*, according to the government, "except for the claim that consideration was not given to the allegedly mitigating factor of profanity in the printing plant, there has been a failure to exhaust administrative remedies with respect to every point raised on appeal."

The government's position, that the statement of issues in the petition for review to the full board restricts the issues on appeal to this court, not only reflects a misinterpretation of *Lizut*, but also grossly distorts the review procedure to the prejudice of a party.

Under the procedures established for appealing a decision of a presiding official, a party has two avenues for review.

Under 5 U.S.C. § 7701(e)(1), implemented in 5 C.F.R. § 1201.114, a party *may* petition the full board to review the decision of a presiding official. By regulation, 5 C.F.R. § 1201.115, the board has limited the grounds for accepting review by the full board to two:

(a) New and material evidence is available that, despite due diligence, was not available when the record was closed; or

(b) The decision of the presiding official is based on an erroneous interpretation of statute or regulation.

If a party chooses this route and the petition is denied, the presiding official's decision becomes the decision of the board and is appealable. If it is granted, the board's subsequent decision is appealable (together with the presiding official's decision to the extent endorsed by the board).

Alternatively, a petitioner may entirely bypass the step of seeking review by the full board. If a party chooses not to seek full board review (which he must do within a specified time), the presiding official's decision automatically becomes the final decision of the full board and is judicially reviewable in its entirety. 5 U.S.C. § 7703(a)(1), 5 C.F.R. § 1201.113.

Under the government's view, a petitioner would forfeit the right to judicial review of certain issues that were before the presiding official by not stating them in his petition to the full board even though they do not fit into what the board clearly intends to be restrictive categories. Thus, a litigant would have to either ignore the board's regulation or take a direct judicial appeal to preserve all issues raised below. This is clearly not the import of *Lizut.*

*Lizut* involved a situation in which the full board *granted* a petition for review (filed by the government) under 5 C.F.R. § 1201.115 and proceeded to undertake a comprehensive review of the presiding official's decision. In this review by the full board, the employee did not pursue certain issues argued to the presiding official, but sought to raise them on appeal to this court. Allowing a party to withhold important issues from the full board, *once review has been accepted,* and later present them to this court would undermine the board's authority. Accordingly, the court in *Lizut* refused to consider those "reactivated" issues because of the petitioner's failure to exhaust administrative remedies.

In contrast, here the board *denied* the petition for review and petitioner, thus, had no opportunity to raise any pendent issues before the full board. *Lizut* is clearly not applicable.

## III.

Since the presiding official's decision in this case became that of the board, we proceed to consider petitioner's challenges to that decision. With respect to petitioner's argument that there is no nexus between his removal and the efficiency of the service, the agency, in its removal action, stated and specific evidence showed that petitioner's abusive language was disruptive of operations at the print plant. Thus, the presiding official's specific finding that removal was for the efficiency of the service was adequately supported by the record. No detailed analysis was required under these circumstances.

With respect to petitioner's argument that certain mitigating factors may not have been explicitly considered below, we note that *Douglas* does not require that all possible mitigating factors outlined in *Douglas* be analyzed in every case. Rather, the presiding official need only articulate factors relevant to the case at hand. *Nagel v. Department of Health & Human Services,* 707 F.2d 1384 (Fed.Cir.1983). Our review of the record convinces us that the *Douglas* guidelines were properly followed.

## Conclusion

We conclude that the agency action is supported by substantial evidence, and is neither arbitrary, capricious, nor an abuse of discretion. 5 U.S.C. § 7703(c). Accordingly, we *affirm.*

AFFIRMED.