56 F.3d 83
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Debra L. SPENCER-GRANT, Petitioner,
v.
DEPARTMENT OF the AIR FORCE, Respondent.
 No. 95-3117.
 United States Court of Appeals, Federal Circuit.
 May 15, 1995.
 
 Before MICHEL, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and SCHALL, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Debra L. Spencer-Grant seeks review of the October 19, 1994 final decision of the Merit Systems Protection Board ("Board") in Docket No. CH-0752-94-0181-X-1, enforcing her settlement agreement with the Department of the Air Force ("Air Force"). We affirm.
 
 DISCUSSION
 I.
 
 2
 Ms. Spencer-Grant was removed from employment with the Air Force for various acts of misconduct. She appealed the removal action to the Board, and then reached a settlement agreement with the Air Force while her appeal was pending. Among other things, Ms. Spencer-Grant agreed to resign from the Air Force. The administrative judge (AJ) approved the settlement agreement and dismissed Ms. Spencer- Grant's appeal on February 24, 1994. Ms. Spencer-Grant, however, did not submit her resignation as called for by the settlement agreement. Ms. Spencer-Grant responded by requesting reinstatement of her appeal, alleging that the Air Force had breached the settlement agreement by failing to give her back pay to which she had claimed she was entitled and by interfering with her application for unemployment benefits.
 
 
 3
 In her review of the Air Force's Petition for Enforcement, the AJ found that Ms. Spencer-Grant's claim regarding back pay was premature and determined that the Air Force had not in fact interfered with her application for unemployment benefits. The AJ also found that the Air Force had established by a preponderance of the evidence that Ms. Spencer-Grant had failed to comply with the settlement and recommended to the Board on July 25, 1994 that the settlement agreement be used to effectuate Ms. Spencer-Grant's resignation. In its October 1994 decision, the Board concluded that Ms. Spencer-Grant had failed to produce evidence to contest the findings of the AJ and granted the Air Force's enforcement request.
 
 II.
 
 4
 Ms. Spencer-Grant does not contest her failure to submit her resignation as called for by the settlement agreement. The only issue in this suit is whether the Board correctly enforced the settlement agreement. We affirm a decision of the Board unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988). As the party alleging a breach of a settlement agreement, Ms. Spencer-Grant bears the burden of proving the Air Force's breach. Asberry v. United State Postal Service, 692 F.2d 1378, 215 USPQ 921 (Fed. Cir. 1982). We do not find that the Board's decision that she failed to carry her burden of proof lacked substantial evidentiary support. In the Board proceedings, Ms. Spencer-Grant admitted that she was without evidence to contest the administrative judge's findings and recommendations. For this reason, we do not find the Board's action to be arbitrary, capricious, or otherwise not in accordance with law.[1]
 
 
 
 [1]
 We do not consider Ms. Spencer-Grant's claims that she entered into the settlement agreement involuntarily and that she received ineffective assistance of counsel because they are raised for the first time on appeal. James v. Federal Energy Regulatory Comm'n, 747 F.2d 1581 (Fed. Cir. 1984); Lizut v. Department of the Army, 717 F.2d 1391 (Fed. Cir. 1983)