835 F.2d 871
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Thomas W. TEZAK, Petitioner,
v.
DEPARTMENT OF the ARMY, Respondent.
 No. 87-3477.
 United States Court of Appeals, Federal Circuit.
 Nov. 19, 1987.
 
 Before MARKEY, Chief Judge, SKELTON and BALDWIN, Senior Circuit Judges.
 BALDWIN, Senior Circuit Judge.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (board), Docket No. PH07528710171, sustaining the Department of the Army's (agency) removal of Thomas W. Tezak (petitioner) from the position of security guard is affirmed.
 
 OPINION
 
 2
 The board correctly rejected petitioner's assertions that his removal was improper because it constituted a second punishment for the same misconduct and placed him in "double jeopardy." Petitioner was restored from the initial action of suspension prior to imposition of the harsher penalty of removal. Thus there has not been a duplication of punishments for the same misconduct. Furthermore, the constitutional protection from "double jeopardy" applies to proceedings that are "essentially criminal" not to this type of administrative investigation. See Breed v. Jones, 421 U.S. 519, 528 (1975).
 
 
 3
 As did the board, we disagree with petitioner's assertion that the agency abused its discretion or acted in an arbitrary, capricious or unreasonable manner in imposing the penalty of removal. It is ordinarily the agency's burden to show by a preponderance of the evidence that the employee's misconduct bears a nexus to his job-related responsibilities so that removal would promote the efficiency of the service. Brown v. Department of Transportation, 735 F.2d 543, 548 (Fed.Cir.1984). However, a presumption of that nexus arises in instances such as the present case where there is egregious conduct of a sexual nature. See Allred v. Department of Health and Human Services, 786 F.2d 1128, 1131 (Fed.Cir.1986). The board's decision that petitioner has not rebutted the presumption of nexus is supported by substantial evidence, is not arbitrary and capricious, an abuse of discretion, contrary to law, or obtained without procedures required by law, rule, or regulation having been followed. See Hayes v. Department of the Navy, 727 F.2d 1535, 1540 (Fed.Cir.1984).