Rickey L. DAVIS, Petitioner,

v.

**DEPARTMENT OF VETERANS AFFAIRS, Respondent.**

No. 00–3383.

United States Court of Appeals,
Federal Circuit.

Jan. 11, 2001.

Before MICHEL, SCHALL, and GAJARSA, Circuit Judges.

## DECISION

PER CURIAM.

Rickey L. Davis appeals from a final decision of the Merit Systems Protection Board ("MSPB"), docket no. PH–0752–99–0388–I–1, 86 M.S.P.R. 334, denying his petition for review of an initial decision by the MSPB that affirmed the decision of the Department of Veterans Affairs ("DVA") to remove him from federal service. We *affirm.*

## BACKGROUND

Davis was employed as a program support clerk in the radiology and nuclear medicine section of the DVA healthcare system in Pittsburgh, Pennsylvania. On June 2, 1999, the DVA sent Davis a notice of proposed removal based on a charge of conduct unbecoming a federal employee pursuant to 5 C.F.R. § 7345.203. The pro-

posed removal was predicated on a decision by the Court of Common Pleas of Allegheny County on March 9, 1999, which placed Davis on probation for five years after he pled guilty to misdemeanors consisting of four counts of indecent assault, one count of endangering the welfare of children, and one count of corruption of minors.

Davis did not dispute the charges underlying the DVA's proposed removal. In his June 17, 1999 response to the notice of proposed removal, Davis contended, *inter alia,* that removal was not warranted because: he is not a danger to himself or to patients at the DVA healthcare system in Pittsburgh; he had worked for the DVA for fourteen years without reprimand; and he maintained a good working relationship with some of the staff with whom he worked. On July 21, 1999, the deciding official, Dr. Ernest Urban, issued a final decision to remove Davis from federal service. Davis was removed from federal service on July 30, 1999.

Davis appealed the DVA's removal decision to the MSPB. On December 14, 1999, in an initial decision, Chief Administrative Judge Crawford affirmed the DVA's removal decision. Davis petitioned the full MSPB for review of this initial decision. On June 1, 2000, Davis' petition for review was denied. This appeal follows the aforementioned proceedings.

## DISCUSSION

### A. Standard of Review

This court's review of MSPB decisions is limited. *See, e.g., Deweese v. Tennessee Valley Authority,* 35 F.3d 538, 541 (Fed. Cir.1994). We may reverse a decision of the MSPB if it is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without

procedures required by law, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994 & Supp. IV 2000).

### B. Nexus

To sustain the DVA's removal decision, the MSPB must show, by a preponderance of the evidence, that Davis' conduct is "related to his job-related responsibilities so that [ ] removal promotes the efficiency of service." *Allred v. Dep't of Health and Human Services,* 786 F.2d 1128, 1130 (Fed.Cir.1986). *See also* 5 U.S.C. § 7701(c)(1)(B) and 5 U.S.C. § 7513(a) (1994 & Supp. IV 2000). To satisfy this requirement, the DVA must establish a nexus between Davis' misconduct and the DVA's performance of its functions. *See, e.g., Brown v. Dep't of the Navy,* 229 F.3d 1356, 1358 (Fed.Cir.2000).

A presumption of satisfaction of the nexus requirement may arise in instances when an employee's conduct is so egregious that "it speaks for itself."[1] *Allred,* 786 F.2d at 1130 (quoting *Hayes v. Dep't of the Navy,* 727 F.2d 1535, 1539 (Fed.Cir. 1984)). This court in *Allred* stated: "Courts have repeatedly held that where an employee's misconduct is contrary to the agency's mission, the agency need not present proof of a direct effect on the employee's job performance." 786 F.2d at 1131. Such holdings are warranted because such "misconduct [is] of a character likely to undermine public confidence in the agency, and thus impair the agency's efficiency, although it might not affect the employee's job performance." *Id.* (quoting *Wild v. United States Dep't of Hous. And Urban Dev.,* 692 F.2d 1129, 1132 (7th Cir. 1982)).

The MSPB correctly recognized that the Federal Circuit has considered

1. The conduct relating to the criminal charge undergirding Davis' removal is uncontested.

off-duty sexual misconduct sufficiently egregious to raise a rebuttable presumption of satisfaction of the nexus requirement. *See, e.g., Graybill v. U.S. Postal Serv.,* 782 F.2d 1567, 1574 (Fed.Cir.1986); *Williams v. Gen. Servs. Admin.,* 22 M.S.P.R. 476, 478–79 (1984), *aff'd,* 770 F.2d 182 (Fed.Cir.1985); *Allred,* 786 F.2d at 1131. In *Graybill,* this court considered in its nexus analysis the contact an employee, removed for sexual misconduct with a minor, would have with children in the course of his employment. 782 F.2d at 1574. In this case, the MSPB similarly recognized the deciding official's concern that Davis could possibly come into contact with minors in the hospital or at a nearby school. The MSPB's decision that Davis' four counts of indecent assault, one count of endangering the welfare of children, and one count of corruption of minors satisfies the egregious conduct standard necessary to presume satisfaction of the nexus requirement is supported by substantial evidence, is in accordance with law, and is not arbitrary, capricious, or an abuse of discretion.[2]

■ To comport with the requirements of due process, the presumption of satisfaction of the nexus requirement is rebuttable. *Allred,* 786 F.2d at 1131 (citing *Heiner v. Donnan,* 285 U.S. 312, 329, 52 S.Ct. 358, 76 L.Ed. 772 (1932)). The MSPB considered Davis' testimony that he was remorseful, maintained a satisfactory work record, and would not commit similar misconduct in the future. Davis also provided the testimony of the abused minor's adoptive father, Mr. Tim Perry, who is also Davis' "spiritual father." Perry testified that Davis was a good person, that he had spoken with Davis in religious-counseling sessions, and that he believed Davis would not commit similar misconduct. The MSPB, however, determined that Davis failed to rebut the presumption of satisfaction of the nexus requirement.

■ The MSPB's determination that Davis failed to rebut the presumption of satisfaction of the nexus requirement is supported by substantial evidence, is in accordance with law, and is not arbitrary, capricious, or an abuse of discretion. The *Allred* court, in determining the appellant's evidence insufficient to rebut a presumption of nexus, found salient a showing that the agency had lost trust and confidence in the removed employee. 786 F.2d at 1131–32. Similarly, the MSPB in this case pointed to the testimony of Davis' supervisors, the proposing official, and the deciding official that they had lost trust and confidence in Davis to perform his duties and to maintain the safety of the hospital's visitors, which includes minors. Further, the MSPB correctly recognized that a favorable prognosis for an appellant's future behavior, as suggested by Perry's testimony, does not necessarily outweigh an agency's apprehension as to an employee's ability to perform his duties and to the effect of his proven misconduct on the efficiency of service. *See Quander v. Dep't of Justice,* 22 M.S.P.R. 419, 422 (1984), *aff'd,* 770 F.2d 180 (Fed.Cir.1985).

### C. Penalty Decision

■ In reviewing an agency's penalty decision, the MSPB is required to ascer-

---

**2.** Davis cites *Moten v. U.S. Postal Serv.,* 42 M.S.P.R. 282 (1989) to support his contention that his conduct was not sufficiently egregious to warrant a finding of a presumption of satisfaction of the nexus requirement. *Moten* is not binding on this court. Further, as determined by the MSPB in this case, the appellant in *Moten* committed sexual miscon-

duct with a child who lied about her age and who consented to the activity. In *Graham v. U.S. Postal Serv.,* 49 M.S.P.R. 364 (1991), the MSPB distinguished *Moten* based on the mitigating circumstances present in *Moten,* such as consent by the victim. In the case at issue, the MSPB correctly determined that Davis failed to provide such mitigating evidence.

tain whether the agency has responsibly balanced the factors delineated in *Douglas v. Veterans Admin.*, 5 MSPB 313, 332–33, 5 M.S.P.R. 280 (1981), and whether it has selected a penalty within the "tolerable bounds of reasonableness." *Mitchum v. Tenn. Valley Auth.*, 756 F.2d 82, 84 (Fed. Cir.1985). *See also Hayes*, 727 F.2d at 1540.

■ The deciding official in this case testified that he reviewed a document entitled "Relevant Factors for Consideration in Determining the Appropriateness of the Penalty" to assess Davis' penalty, which was written by a labor specialist. This document analyzes the *Douglas* factors in detail, including mitigating factors, as applied to Davis. The deciding official testified that in the course of making his decision to remove Davis, he considered factors favoring mitigation such as Davis' length of service and his performance record. The MSPB recognized the deciding official's consideration of these factors, weighing them against the seriousness of Davis' misconduct, his failure to express remorse in his written response to the notice of proposed removal, and his failure to provide information from professionals regarding his potential for rehabilitation. The MSPB determined that the deciding official's decision to remove Davis, based on an appropriate weighing of the *Douglas* factors, did not exceed the tolerable limits of reasonableness. The MSPB's affirmance of removal is supported by substantial evidence, is in accordance with law, and is not arbitrary, capricious, or an abuse of discretion.

### D. "New Evidence"

■ Davis contends that the MSPB should have granted his petition for review

because it failed to consider new evidence. With his petition for review, Davis submitted evidence of his attendance at a behavioral medicine clinic between February 19, 1998 and October 1, 1999. He also submitted a letter dated January 13, 2000 from the Ielase Forensic Center indicating that Davis had been a client in its sex offenders treatment program since May 7, 1999. Davis also argued in his petition for review that he had witnesses available to testify on his behalf, but failed to call them to testify at the initial MSPB hearing.

The full MSPB will only grant a petition for review when an appellant establishes that "[n]ew and material evidence is available that, despite due diligence, was not available when the record closed; or [t]he decision of the judge is based on an erroneous interpretation of statute or regulation." 5 C.F.R. § 1201.115(d) (2000). All of the "new" evidence cited by Davis was available to him prior to the initial hearing before the MSPB on November 9, 1999.[3] Indeed, Davis stated in his petition for review that his potential witnesses could have been called to testify during the initial MSPB hearing. As such, the MSPB correctly denied Davis' petition for review because he presented no evidence not available before his initial MSPB hearing. Further, the full MSPB correctly determined that Chief Administrative Judge Crawford did not err in interpreting a law or regulation. The final decision of the Merit Systems Protection Board is therefore affirmed.

---

**3.** While the letter from the Ielase Forensic Center was dated January 13, 2000, Davis began treatment there on May 7, 1999. Information in documents prepared after the record closed that could have been obtained before the record closed is not "new" for MSPB petition for review purposes.