Rex W. ALLRED, Petitioner,

v.

**DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.**

Appeal No. 85–1865.

United States Court of Appeals, Federal Circuit.

March 18, 1986.

---

9. 22 U.S.C. § 3602(c) (1982).

Edward H. Passman, Passman & Broida, Washington, D.C., argued, for petitioner.

Hillary A. Stern, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued, for respondent. With him on brief were Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director and M. Susan Burnett. James N. Stephens, Acting Regional Atty. and Diane E. Reid, Asst. Regional Atty., Dept. of Health and Human Services, Atlanta, Ga., of counsel.

Before MARKEY, Chief Judge, MILLER, Senior Circuit Judge, and NIES, Circuit Judge.

MARKEY, Chief Judge.

Rex W. Allred (Allred) petitions for review of Merit Systems Protection Board (Board) decisions Nos. AT07528310341 and AT07528310123, reported at 23 M.S.P.R. 478, sustaining his indefinite suspension and removal by the Department of Health and Human Services (HHS or agency) for child molestation. We affirm.

### Background

Allred was employed by HHS at their regional office in Atlanta, Georgia, as a Supervisory Cost Accountant, GS–14. That post required him to represent the agency before state and local governments, universities, hospitals, and various other grantees in preparing cost allocation plans to ensure the plans conformed with the agency's regulations. Also, Allred was required to perform various managerial duties.

On June 20, 1982, Allred was arrested for having a sexual encounter with a twelve-year-old boy to whom he paid ten dollars. He was charged with child molestation, a felony under Georgia law. On the same day, he signed a statement admitting to the allegations of the arresting officers. On September 30, Allred's supervisor proposed to suspend Allred indefinitely pending disposition of the criminal case against him. Effective October 17, Allred was suspended.

On October 13, Allred entered a *nolo contendere* plea under Georgia's First Offender Act to one felony count of child molestation. The Superior Court of De-Kalb County, Georgia, imposed a $500 fine on Allred and placed him on five years probation.

On January 7, 1983, Allred was removed from his position for violating the agency's Standards of Conduct. *See* 45 C.F.R. §§ 73.735–101, 73.735–201(a) (1985). Allred appealed the suspension and the removal to the Board and the appeals were consolidated.

The presiding official reversed the agency's suspension and removal of Allred based on a finding that no nexus existed between the appellant's off-duty misconduct and his official duties as a Supervisory Cost Accountant. The full Board reversed, finding that the presiding official gave too little weight to the testimony of Allred's supervisors who testified that they had lost trust and confidence in Allred. Considering that testimony, the Board found that Allred failed to rebut the presumption of nexus which exists in cases of egregious off-duty misconduct. 23 M.S.P.R. at 480.

## OPINION

On this appeal, Allred argues, *inter alia,* that at the time the suspension became effective the agency was aware that Allred's criminal charges had been disposed of and that the agency should therefore have given him the required 30 days notice of the proposed indefinite suspension. 5 U.S.C. § 7513(b)(1). However, Allred has failed to show that that argument was presented to the presiding official. Therefore, that issue has not been preserved and is not before this court.

Allred does not contest that substantial evidence supports the charge of his off-duty criminal misconduct. Thus, the issue before the court is whether substantial evidence supports the agency's determination that his removal was "only for such cause as will promote the efficiency of the service." 5 U.S.C. § 7513(a); *see White v. United States Postal Service,* 768 F.2d 334, 336 (Fed.Cir.1985); 5 U.S.C. § 2302(b)(10).

### The Presumption of Nexus

Before the Board, the agency must show by a preponderance of the evidence that the employee's offending conduct is related to the employee's job-related responsibilities so that the removal would "promote the efficiency of the service." *Brown v. Department of Transportation,* 735 F.2d 543, 548 (Fed.Cir.1984). However, a presumption of that "nexus" may arise in instances where the employee's conduct is so egregious that "it speaks for itself." *Hayes v. Department of Army,* 727 F.2d 1535, 1539 (Fed.Cir.1984); *see Merrit v. Department of Justice,* 6 MSPB 493, 6 M.S.P.R. 585 (1981). This presumption, applicable to employees who engage in egregious misconduct, "places an extraordinary burden on an employee, for it forces him to prove the negative proposition that his retention would not adversely affect the efficiency of the service." *Crofoot v. United States Government Printing Office,* 761 F.2d 661, 664 (Fed.Cir.1985).

Allred contends that his single act of child molestation does not rise to the level of egregiousness, distinguishing his misconduct from that in cases which involved "repeated acts of sexual misconduct, or sexual misconduct combined with violence," and conjecturing that his trial judge, having allowed a plea of *nolo contendere,* must not have thought his crime "egregious". We disagree.

Neither the number of crimes nor the allowance of a discretionary *nolo contendere* plea can be controlling. Allred admits to the commission of an abhorrent act and cannot now downplay the seriousness of his offense.

The Board did not abuse its discretion when it found that Allred's misconduct was sufficiently egregious to raise a presumption of nexus. The presumption rests on the nature of the misconduct itself. Reliance on the presumption is unnecessary where the misconduct's adverse effect on the efficiency of the service is clearly shown by factors other than the nature *per se* of the conduct. That the Board may have unnecessarily discussed the presumption where, as here, there is uncontroverted evidence that the offense is directly opposed to the agency's mission, does not require reversal of the Board's decision. The mission of HHS is to administer health and social services for the disadvantaged, elderly, disabled, indigent and children, and to oversee the administration of those services by others. Allred's supervisor testified that the victim of Allred's offense is among those the agency tries to help. Thus, Allred's conduct is antithetical to the very programs which he was to monitor.

Courts have repeatedly held that where an employee's misconduct is contrary to the agency's mission, the agency need not present proof of a direct effect on the employee's job performance. *See, e.g., Masino v. United States,* 589 F.2d 1048, 1056, 218 Ct.Cl. 531 (1978) (customs officer dismissed for using marijuana off-duty, a substance he was assigned to exclude from the country); *Giles v. United States,* 553 F.2d 647, 650, 213 Ct.Cl. 602 (1977) (IRS agent dismissed for failing to file timely tax returns). This is so because the "misconduct was of a character likely to undermine public confidence in the agency, and thus impair the agency's efficiency, although it might not affect the employee's job performance." *Wild v. United States Department of Housing and Urban Development,* 692 F.2d 1129, 1132 (7th Cir.1982). In these circumstances, the agency should not have "to wait for an on-the-job violation before dismissing an offending employee." *Borsari v. Federal Aviation Administration,* 699 F.2d 106, 110 (2d Cir.1983).

The Board spoke in terms of the presumption of nexus. That presumption, like all presumptions, must not be and is not viewed by the Board or by this court as irrebuttable. *Vlandis v. Kline,* 412 U.S. 441, 446, 93 S.Ct. 2230, 2233, 37 L.Ed.2d 63 (1973). To deny a fair opportunity to rebut the presumption of nexus would violate the due process clause. *Heiner v. Donnan,* 285 U.S. 312, 329, 52 S.Ct. 358, 362, 76 L.Ed. 772 (1932).

Having been given that fair opportunity, Allred contends on appeal that he has rebutted the presumption, citing the presiding official's recognition of his subordinates' statements that his performance between his arrest and indefinite suspension indicated to them that he would still be able to function, that there was no adverse publicity, and that an indirect supervisor had not lost confidence in him. The Board said that statements of coworkers did not rebut the presumption. The Board held that Allred's direct supervisors' loss of trust and confidence in one who represented the agency to other agencies, grantees, state governments, and private institutions, adversely affected the employer-employee relationship and thus the efficiency of the service. 23 M.S.P.R. at 480, citing *Johnson v. Department of Health and Human Services,* 22 M.S.P.R. 521 (1984), and *Williams v. General Services Administration,* 22 M.S.P.R. 476 (1984), *aff'd without opinion,* 770 F.2d 182 (Fed.Cir.1985). We agree with the Board.

We need not here decide whether in another case a bare presumption might be rebutted by testimony of coworkers that they considered an employee's after-arrest performance satisfactory and other factors cited by Allred. Considered in terms of rebuttal, Allred's evidence is insufficient in this case when pitted against the direct relationship of his misconduct to the agency's mission and the showing that his supervisors had lost trust and confidence in

him. *See, e.g., Williams, supra,* 22 M.S. P.R. at 478–79; *Evans v. Department of the Navy,* 10 MSPB 353, 354, 11 M.S.P.R. 407, 409 (1982); *Doe v. National Security Agency,* 6 MSPB 467, 472, 6 M.S.P.R. 555, 562 (1981), *aff'd sub. nom., Stalans v. National Security Agency,* 678 F.2d 482 (4th Cir.1982). Moreover, employees can be expected to exhibit their best behavior in the face of a strong possibility that the agency will soon be acting to remove them.

### Penalty

■ Allred argues that his removal was an overly harsh penalty. The government responds that Allred failed to present that issue "before the Board." Allred counters: (1) he did not have to raise the issue before the Board because the agency petitioned for review; and (2) he did raise the issue before the presiding official "by reference when he attached [to his appeals form] a summarization of his oral reply which advanced the argument that the penalty was overly harsh."

The government's potentially misleading reference to "the Board" was an unfortunate result of the tendency to speak of the "presiding official" and "the Board" as though they were interchangeable, a phenomenon occasioned by the frequency with which opinions and decisions of presiding officials become those of the Board through inaction by the latter. Because the government knew that the agency, not Allred, had appealed to the full Board, we deem it unlikely that government counsel intended to charge Allred with failure to raise the issue before only the full Board.

Upon review of the record, it is clear that Allred never mentioned the mitigation issue at the hearing before the presiding official. In his appeals form, Allred assigned the agency's conclusion on nexus as the sole reason the agency was wrong in discharging him. In support of *that* allega-

tion, Allred cited on the appeals form certain letters and a Summarization of Oral Reply prepared by the Regional Director as a memorandum of his meeting with Allred and Allred's counsel. The mere attachment of an oral reply summarization to the appeals form, and notation of the attachment on the form, is ordinarily insufficient in itself to raise every issue mentioned in the summarization, although the issue of undue harshness of penalty is so basic that, under particular circumstances, citation on a form attachment may be such as to have clearly raised it to the attention of the presiding official.

Presiding officials cannot be required to consider and decide every issue mentioned in oral reply where, as here, an employee and his counsel elect to forego even mentioning that issue before the presiding official. At least in those cases in which an employee is represented by counsel, it is not the duty of the presiding official to substitute for counsel and to "try the case" for the represented employee. Nor would it ordinarily be appropriate to reward one who totally disregarded an issue at the hearing before the presiding official with a reversal or remand when he attempts to resurrect that issue before this court.[1]

The dissent says it is always part of the agency's affirmative burden of proof to establish the reasonableness of the penalty. We deal here, however, not with whether an issue may at the outset be present in a case, but with whether a petitioner may remain silent on that issue until he gets here, and then require that the record reflect proof the same as that the agency would have offered if he had spoken. It is undisputed that there must be some basis in the record for the reasonableness of the penalty, but there is no requirement that the legal proof by the agency must be the same when the penalty is not challenged as

---

1. In discussing the indefinite suspension, the presiding official cited the Board's opinion in *Martin v. Department of the Treasury,* 10 MSPB 568, 574, 12 M.S.P.R. 12, 20 (1982), and made the statement about the agency's burden quoted in the dissent. We cannot agree that that state-

ment can serve as a means for this court to find that Allred had not waived the issue he disregarded, or to substitute a new defense in which factors submitted to show no nexus are converted into factors supporting mitigation.

it might be when the penalty is challenged. When the agency's choice of penalty goes unchallenged until this court is reached, the petitioner cannot then for the first time argue that the agency should have done as much to establish reasonableness of penalty as it would have if he had challenged the penalty.

■ Here the agency based removal on unchallenged regulations. Because Allred did not attack the validity of those regulations, and because he never mentioned the reasonableness-of-penalty issue, the agency's showing that he violated the regulations must be seen as sufficient in this case to satisfy the agency's initial burden to establish a prima facie case of reasonableness of the penalty. When the agency makes a prima facie case of proper penalty which goes unchallenged by petitioner, we must hold that the agency has satisfied its burden of persuasion on that issue. That is true of the agency's "preponderance" burden respecting the basis for removal. *Hale v. Department of Transportation,* 772 F.2d 882 (Fed.Cir.1985) (where agency prima facie case of strike participation went unrebutted by petitioner, agency satisfied its burden of persuasion). It is no less true of the agency's burden respecting reasonableness of penalty.

### CONCLUSION

The court is persuaded that Allred's suspension and removal were not arbitrary, capricious, an abuse of discretion, contrary to law, obtained without procedures required by law, rule, or regulation having been followed, or unsupported by substantial evidence. 5 U.S.C. § 7703(c); *see Hayes v. Department of the Navy,* 727 F.2d 1535, 1540 (Fed.Cir.1984).

Accordingly, the board's decision sustaining Allred's suspension and removal from his position as Supervisory Cost Accountant is affirmed.

**AFFIRMED.**

NIES, Circuit Judge, dissenting-in-part.

I respectfully dissent with respect to the disposition of the issue of mitigation of the penalty by other members of this panel.

### I.

The lead opinion concludes that the issue of mitigation should not be considered because it was not argued during the hearing before the presiding official, in effect, holding the issue to have been waived. Allred *did* raise the issue to the presiding official. Indeed, the opinion of the presiding official specifically states that "the agency must establish that a lesser penalty would be ineffective under the circumstances of the particular case." The presiding official apparently did not find it necessary to go on to discuss mitigation in her opinion because she ruled in favor of Allred on the nexus issue.[1] Thus, I do not agree that the matter is not before us.

I initially was confused over whether mitigation was properly raised below because of a statement in the government's brief, "Because petitioner did not make the argument *before the Board* when he had the opportunity to do so, he cannot raise it now on appeal. *Lizut v. Department of the Army,* 717 F.2d 1391, 1395–96 (Fed.Cir. 1983)." (Emphasis added.) I consider this argument by the government to have been a serious disservice to the court. The words "to the Board" were read by this member of the panel to mean that Allred's argument was not presented *to the presiding official.* To verify the correctness of the government's assertion, in view of petitioner's challenge to it, it was necessary to obtain the official record. The official record before the presiding official and the board includes an attachment to the initial pleadings of a summary of petitioner's oral response to the deciding official, several paragraphs of which were devoted to the issue of mitigation. In any event, as the presiding official stated, it is *always* part

---

1. While it is understandable that the presiding official would prefer to limit an opinion to one or more dispositive issues, this case illustrates the necessity for a presiding official to discuss the issues which would be reached only in the event of reversal on a decided issue.

of the agency's affirmative burden of proof to establish the reasonableness of the penalty. In view of the pleadings here, and the presiding official's statement, there can be no arguably viable assertion that the agency was somehow relieved of that burden in its case against Allred.

Returning to the government's misleading statement, the government apparently means that petitioner did not raise the issue of mitigation to the *full* board. Petitioner here was *not required* to petition the board before appealing to this court nor to raise *any* issue which is in the case to the full board to preserve an issue for appeal to this court. A petition for review to the full board prior to judicial appeal is wholly optional with an employee. Petitioner filed none in this case. In *James v. Federal Energy Regulatory Commission,* 755 F.2d 154 (Fed.Cir.1985), *modifying James v. F.E.R.C.,* 747 F.2d 1581 (Fed.Cir. 1984), this court twice reviewed, at the request of the government, the petition for review procedures of the board and the *Lizut* decision. Because of the procedural traps which otherwise would be created for employees, it was held in *James* that this court will only refrain from treating issues raised by an employee for the first time on appeal to this court and those issues expressly waived as in *Lizut. James,* 755 F.2d at 155–56. *Lizut* is appropriately cited only where there is a waiver.[2] There was no waiver here. The government's

argument on this issue is legally frivolous, and I would censure the writer.

## II.

With respect to the issue of mitigation, upon overturning the presiding official's decision on the nexus issue, the board had an *incomplete* determination of the propriety of Allred's removal under Chapter 75. It was then incumbent on the full board either to decide the issue of mitigation itself on the basis of the evidence in the record or to remand to the presiding official for such consideration. *Douglas v. Veterans Administration,* 5 MSPB 313, 318, 5 M.S.P.R. 280, 290 (1981).

A number of mitigating factors listed in *Douglas* are present in this case which indicates that mitigation of the penalty is a *genuine* issue here, and the failure to consider the issue cannot be deemed insignificant. Since the issue was not discussed below, there may be more than those set forth below:

(1) Mr. Allred is charged with violating standards of conduct of the agency. This is not, however, a typical child molestation case. The misconduct of Mr. Allred is that he hired a prostitute who turned out to be a minor. As a first offender, the State of Georgia allows Mr. Allred to clear himself of a criminal record.[3] Thus, the misconduct is not deemed egregious under Georgia law.[4]

> Upon fulfillment of the terms of probation, or upon release by the court prior to the termination of the period thereof, the defendant shall be discharged without court adjudication of guilt. Such discharge shall completely exonerate the defendant of any criminal purpose, shall not affect any civil right or liberties, *and he shall not be considered to have a criminal conviction.* [Emphasis added.]

2. *Lizut* was among the first cases heard by the new court. The alternative holding on exhaustion of administrative remedies was premised on the usual procedure involving a *mandatory* appeal to an intermediate body. That procedure does not apply to MSPB proceedings. Accordingly, only the waiver holding of *Lizut* is viable.

3. The Superior Court's order in the criminal proceeding against Mr. Allred stated that because of the applicability of the Georgia First Offenders Act, "it is the judgment of this Court that no judgment of guilt or sentence be imposed at this time, but that ... defendant is hereby placed on probation" under specified terms. The effect of compliance with the terms of probation under this Act is described in Ga. Code Ann. § 27–2728 (1968) which states, in pertinent part:

4. Georgia law provides that the plea entered in this case cannot be used as evidence. Ga.Code Ann. § 27–1410 (1946). Without the testimony that Mr. Allred admitted at least some sexual misconduct to his supervisor, the evidence against him could not be held to constitute a preponderance.

(2) Mr. Allred has 25 years of exemplary government service both with respect to the quality of his work and the absence of any prior discipline.

(3) It is acknowledged by the agency that the offense has had no effect on his ability to perform satisfactorily as an accountant.

(4) Co-workers testified that they could continue to work with him, even as their supervisor.

(5) The Director of Operations for HEW's Washington Office testified that petitioner could still function effectively.

(6) There was little evidence—and it is hearsay—of publicity associated with the offense. It was not a "notorious" incident. There were no press reports.

(7) There is evidence that Mr. Allred is undergoing counselling, has a supportive family, and has the potential for rehabilitation. This *Douglas* factor mirrors 5 C.F.R. § 731.202(c)(7), which makes consideration of the presence of rehabilitation or efforts toward rehabilitation mandatory in connection with OPM initiated removals. As far as I can determine from the record, the agency violated *Douglas* in this respect.

This court has held that the MSPB's "failure to consider a significant mitigating circumstance constitutes an abuse of discretion." *VanFossen v. Department of Housing & Urban Development,* 748 F.2d 1579, 1581 (Fed.Cir.1984).[5] The failure to consider efforts toward rehabilitation alone requires reversal and remand. According-

ly, the adverse action of removal cannot lawfully stand.

## IV.

With respect to nexus, to the extent the board's finding rested on proof that Allred's position required contacts with state and federal officials outside the agency so that he would be a poor representative of the agency, that finding has a sufficient evidentiary base and must be upheld. However, that factor justifies removal from that particular position, but not from the agency. It is at this point that nexus and mitigation become closely intertwined. The lead opinion correctly observed that "nexus" describes a relationship between an employee's misconduct and that employee's job related responsibilities. As with any concept describing a relationship between two matters, nexus cannot be said to exist or not exist until those two matters have been clearly defined. In this regard, nexus is conceptually similar to the relationship we call relevance, the existence or non-existence of which cannot be ascertained without first clearly defining those matters between which the relationship is to be tested, e.g., a piece of evidence and a fact sought to be proved. Remove either and the relationship neither exists nor does not exist; its consideration is simply *non sequitur.* I recite this simple logic to illustrate that an inherent prerequisite to any discussion of nexus is the answer to the question "nexus *to what?*", which answer must be given in terms of the responsibilities of a particular position.[6] The other

---

**5.** In *Mitchum v. T.V.A.,* 756 F.2d 82, 84 (Fed.Cir. 1985), this court stated that the "presiding official is required to ascertain whether the agency has responsibly balanced the relevant factors in the individual case and selected a penalty within the tolerable limits of reasonableness." *See also Connolly v. U.S. Dept. of Justice,* 766 F.2d 507, 514 (Fed.Cir.1985).

**6.** None of our precedent endorses supplanting the employee's specific job responsibilities with the "agency mission" in the nexus analysis. Although seductive language may exist in *Masino v. U.S.,* 589 F.2d 1048, 218 Ct.Cl. 531 (1978), that case involved the removal of a customs inspector whose *specific job duties* required him to enforce federal laws against the illegal importa-

tion of marijuana, because of his personal use and transportation of marijuana. The mere fact that the responsibilities of Masino's position coincided with one of the agency's missions is simply inadequate to support a rule that the two are interchangeable. *Giles v. U.S.,* 553 F.2d 647, 213 Ct.Cl. 602 (1977), is no different. Giles' specific job responsibility was to secure payments and filings of tax returns by delinquent taxpayers. He was removed because he failed to file or to timely file his tax returns in accordance with a specific regulation applicable to IRS employees. Thus, I cannot read these cases as disregarding the job responsibilities of a particular position in favor of the far broader and oft ill-defined "agency mission," and although an agency mission may in some circumstances le-

prerequisite, the fact and nature of the misconduct, is not at issue in this case. It cannot be held that every type of sex offense is a basis for removal from every position in the agency. 5 U.S.C. § 2302(b)(10) (1982) specifically prohibits discrimination against any employee "on the basis of conduct which does not adversely affect the performance of the employee ... or the performance of others."

Even though there is nexus between Mr. Allred's off-duty conduct and the particular job-related responsibilities of the position from which he was removed, the efficiency of the service has been proved to require no more than that he be demoted to a level where he no longer interacts with outsiders. *See, e.g., White v. United States Postal Service,* 768 F.2d 334, 336 (Fed.Cir. 1985); *Brown v. Dept. of Transportation, FAA,* 735 F.2d 543, 548 (Fed.Cir.1984). Because of lack of proof of nexus to other positions for which Allred was qualified, there is no obstacle to imposition of a lesser penalty.

In view of the above, I would remand.

gitimately be a factor to be considered, I believe it has improperly been elevated in this case to the level of an offensive instrument by means of which a vague standard of morality has been

interpolated between the lines of Title 5 of the United States Code. I doubt Congress so intended.