975 F.2d 870
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Larry G. KORB, Petitioner,
v.
DEPARTMENT OF the AIR FORCE, Respondent.
 No. 92-3092.
 United States Court of Appeals, Federal Circuit.
 July 23, 1992.
 
 Before RICH, MICHEL and RADER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Larry G. Korb petitions for review of the June 21, 1991 Initial Decision of the Administrative Judge (AJ) in Docket No. DE07529110218, which became the final decision of the Merit Systems Protection Board (Board) when it denied review on October 17, 1991, sustaining the Department of the Air Force's (agency's) removal of Korb. We affirm.
 
 DISCUSSION
 
 2
 Korb's removal was based upon several charges: use of offensive language, insubordination, leaving the job without permission, failure to request leave according to established agency procedures, and being absent without leave (AWOL) on October 30 and 31, 1990. Though Korb concedes that the Board's decision should be affirmed to the extent that it sustained the charge of using offensive language and a single combined charge of being AWOL, he contends that the charges in total are duplicative in nature, and should have been merged into no more than two charges. Korb requests that we remand to the Board for a redetermination of penalty based only upon the offensive language and AWOL charges. We are not so persuaded. While at least the charges of failure to request leave according to established agency procedures and being AWOL are arguably duplicative, Korb failed to raise the issue of duplicative charges below, and is thus precluded from raising it for the first time on appeal. See Allred v. Department of Health and Human Servs., 786 F.2d 1128, 1130 (Fed.Cir.1985) (where petitioner failed to show that argument was presented to presiding official, issue had not been preserved and was not before appellate court).
 
 
 3
 With respect to the insubordination charge, Korb asserts that while he did not obey the orders of Ms. Duke, his second-level supervisor that he stop yelling profanities at her, he had little or no control over his emotions at the time. Given his heightened emotional state, Korb argues, the agency has failed to prove that he acted intentionally (or was capable of acting intentionally) in refusing to obey Ms. Duke's orders. See Phillips v. General Servs. Admin., 878 F.2d 370, 373 (Fed.Cir.1989) (insubordination by an employee is a willful and intentional refusal to obey an authorized order of a superior). We disagree. The AJ considered the evidence and testimony of the witnesses, assessing their demeanor, and concluded that Korb's continuing use of offensive language towards Ms. Duke, even after he had been told to stop, constituted insubordination. Korb did not challenge the testimony of the agency's witnesses, or present any contrary evidence. We are not persuaded that the Board's decision sustaining the insubordination charge was unsupported by such evidence as reasonable minds might accept to support the conclusion that Korb intended his actions.
 
 
 4
 Lastly, we have considered Korb's argument that the penalty of removal was excessive, but find it without merit. Both the agency's deciding official and the AJ properly considered all relevant penalty-mitigating factors, but found them to be outweighed by the seriousness of the charged conduct, especially when viewed in connection with Korb's prior disciplinary record (a 1990 reprimand for using offensive language and insolence). As the AJ correctly noted, the grossly offensive language, disrespectful behavior and disregard for agency rules and regulations which Korb displayed is simply unacceptable in the workplace. On this record, disruption of the agency's decision to remove Korb is plainly unwarranted.