**Shirley M. BARNES, Petitioner,**

v.

**DEPARTMENT OF VETERANS AFFAIRS, Respondent.**

No. 01–3223.

United States Court of Appeals, Federal Circuit.

Nov. 7, 2001.

Before SCHALL, GAJARSA, and LINN, Circuit Judges.

## DECISION

PER CURIAM.

Shirley M. Barnes petitions for review of the final decision of the Merit Systems Protection Board ("Board") that sustained the action of the Department of Veterans Affairs ("VA" or "agency") removing her from her position for conduct prejudicial to the government. *Barnes v. Dept. of Veterans Affairs*, No. DC–0752–00–0393–I–1, 2001 WL 219359. We *affirm*.

## DISCUSSION

### I.

Ms. Barnes was employed as a program support clerk at the VA Medical Center in Washington, D.C. In late December of 1997, she allowed photographs to be taken of herself while she was sitting at a desk and raising her skirt to expose her crotch. Subsequently, Ms. Barnes left the photographs in an envelope in the desk that she occupied as an employee. At the time, Ms. Barnes's superiors were not aware of the existence of the photographs.

In April of 1998, Ms. Barnes was given a 14–day suspension for disrespectful conduct, use of insulting and abusive language toward her supervisor and other personnel, and displaying unprofessional behavior in front of a patient. Thereafter, on July 27, 1999, in a separate disciplinary action, the VA removed Ms. Barnes from her position for (i) being absent without leave,

(ii) failing to follow proper leave procedures, and (iii) wasting time by using the office telephones for extended periods of time for personal matters.

Ms. Barnes appealed the 1999 removal action to the Board. *Barnes v. Dept. of Veterans Affairs*, No. DC–0752–99–0761–I–1, 2001 WL 219359. On November 19, 1999, before a hearing was held in the case, the VA and Ms. Barnes agreed to settle. The parties agreed that the agency would cancel Ms. Barnes's removal and retroactively substitute a suspension of 45 days. It was further agreed that Ms. Barnes would return to duty on November 29, 1999, and that the suspension would be removed from her official personnel folder two years following that date, provided she had no other adverse actions taken against her during that period. The parties agreed that the Board "would retain jurisdiction regarding potential enforcement of the agreement." *Barnes v. Dept. of Veterans Affairs*, No. DC–99–0761–I–1 (Order, Nov. 2, 1999). On November 29, 1999, Ms. Barnes returned to duty following her 45–day suspension.

In October of 1999, while the appeal of the July removal action was pending and Ms. Barnes was no longer at the agency, one of her former co-workers discovered the photographs taken in December of 1997 while cleaning out Ms. Barnes's desk. On November 8, 1999, the photographs were given to Ms. Barnes's supervisor, Susie Mason. As a result of these photographs, on December 29, 1999, after Ms. Barnes had returned to work, the VA initiated another action to remove her. On that date, Ms. Barnes was issued a letter of proposed removal for engaging in conduct prejudicial to the government in violation of 5 C.F.R. § 735.203 by allowing photographs to be taken of her while exposing her crotch and leaving the photographs in her desk. Section 735.203 pro-

vides that "an employee shall not engage in criminal, infamous, dishonest, immoral, or notoriously disgraceful conduct, or other conduct prejudicial to the Government." On Feb. 7, 2000, Ms. Barnes was removed from her position effective February 21, 2000. In due course, she appealed her removal to the Board.

## II.

In an initial decision based on the written record, the Board administrative judge ("AJ") to whom the case was assigned sustained Ms. Barnes's removal. The AJ found that the VA had proved its charge that Ms. Barnes allowed photographs to be taken of herself while she was exposing her crotch, and had left the photographs in her desk at her work station. The AJ further found that the VA had established a nexus between the misconduct that had occurred and the efficiency of the service. Accordingly, the AJ concluded that the VA had carried its burden of proof on the charge of conduct prejudicial to the government in violation of 5 C.F.R. § 735.203. The AJ also concluded that Ms. Barnes had failed to establish her affirmative defenses of (i) race discrimination and (ii) retaliation for exercising her Board appeal rights in connection with the removal action that was mitigated to a settlement. The AJ thus sustained the removal action. The initial decision of the AJ became the final decision of the Board on February 21, 2001, when the Board denied Ms. Barnes's petition for review for failure to meet the criteria for review set forth at 5 C.F.R. § 1201.115.

## III.

Our scope of review in an appeal from a final decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or other-

wise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. *See* 5 U.S.C. § 7703; *Kewley v. Dep't of Health & Human Servs.*, 153 F.3d .1357, 1361 (Fed.Cir.1998).

Ms. Barnes raises two arguments on appeal: (i) that the photographs at issue did not affect her job performance, and (ii) that she was removed in retaliation for having appealed the 1999 removal action and having settled the appeal on terms that were favorable to her. We address these contentions in turn.

## IV.

In a removal action, the VA must establish by a preponderance of the evidence that the conduct at issue is "related to … job-related responsibilities so that [ ] removal would promote the efficiency of the service." *Allred v. Dep't of Health and Human Serv.*, 786 F.2d 1128, 1130 (Fed.Cir.1986)(quoting *Brown v. Dep't of Transp.*, 735 F.2d 543, 548 (Fed.Cir.1984)). *See also* 5 U.S.C. § 7701(c)(1)(B) and 5 U.S.C. § 7513(a) (1994). To satisfy this requirement, the VA had to establish a nexus between Ms. Barnes's misconduct and the agency's performance of its functions. *See, e.g., Brown v. Dep't of the Navy*, 229 F.3d 1356, 1358 (Fed.Cir.2000).

Ms. Barnes contends that the photographs at issue here did not affect her job performance. She asserts that the photographs were kept in her desk in her office, whereas her job only involved interacting with veterans outside of her office. She also asserts that she did not show the photographs to other employees, and that the photographs were only discovered when a coworker cleaned out her desk.

We find that there is substantial evidence supporting the conclusion of the AJ that the agency established a nexus between Ms. Barnes's misconduct and the agency's performance of its functions. Ms. Barnes admits that she was photographed with her skirt raised at her work station and that she kept the resulting photographs in the desk at her work station even after she had been removed from her position and had been afforded the opportunity to clean out her desk. Ms. Barnes's supervisor, Susie Mason, stated in an affidavit that one of her employees showed her the photographs and that two other employees had seen the photographs. Ms. Mason stated that she found the pictures to be offensive and was appalled that Ms. Barnes would have taken pictures of that nature at her duty station. Ms. Mason also stated that, as a program clerk, Ms. Barnes worked with the public as well as with patients, and that the office where Ms. Barnes worked was a "very busy high traffic office with patients and veterans constantly coming in and out." The Director of the VA Medical Center, Sanford Garfunkel, stated that one of his considerations in removing Ms. Barnes was that she had direct contact with the public, including patients, on a daily basis. Thus, the photographs evidence misconduct that Ms. Barnes engaged in while at the office. That she took them there and stored them there despite the public nature of the office and of her position warrants the Board's finding. We conclude that substantial evidence supports the finding of a nexus between Ms. Barnes's misconduct and the agency's performance of its functions.

## V.

Ms. Barnes asserts that the agency removed her in retaliation for her having settled the July 1999 removal action by having the removal mitigated to a

45–day suspension.[1]  To make out a prima facie case of retaliation, Ms. Barnes was required to show that: (1) she engaged in protected activities; (2) the deciding agency officials knew of the protected activities; (3) her removal could, under the circumstances, have been retaliation; and (4) there was a genuine nexus between the retaliatory motive and the removal.  *See Webster v. Dep't of the Army,* 911 F.2d 679, 689 (Fed.Cir.1990).  The AJ found that Ms. Barnes did not establish her affirmative defense of retaliation.

We cannot say that the AJ's decision is not supported by substantial evidence. The only evidence Ms. Barnes offered in support of her claim of retaliation was her statement that the agency removed her in reprisal for her prior appeal to the Board. Without more evidence from Ms. Barnes supporting her case of retaliation, we are unable to rule that the AJ's findings were in error.[2]  Certainly, we cannot say that those findings lacked substantial evidentiary support.

For the foregoing reasons, the final decision of the Board is affirmed.

No costs.

---

1.  Ms. Barnes does not allege that the removal action at issue here amounted to a violation of the agreement settling the July 1999 removal action.  Neither is there any indication in the record before us that Ms. Barnes has brought an enforcement action before the Board with respect to the agreement settling the July 1999 removal action.

2.  Ms. Barnes waived her right to an evidentiary hearing.