NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3090

ALLEN G. STEVENSON,

Petitioner,

v.

DEPARTMENT OF JUSTICE,

Respondent.

_____

DECIDED:  August 29, 2006

_____

Before NEWMAN, RADER, and BRYSON, <u>Circuit Judges</u>.

PER CURIAM.

Allen G. Stevenson petitions for review of the decision of the Merit Systems Protection Board, Docket No. PH072050169-I-1, affirming his removal from a position as unit manager at the federal penitentiary in Allenwood, Pennsylvania.[1]  We <u>affirm</u> the Board's decision.

---

1  <u>Stevenson v. Department of Justice</u>, No. PH0752050169I1 (October 4, 2005).

BACKGROUND

Mr. Stevenson was an employee of the Federal Bureau of Prisons ("the agency"), and had signed a copy of the agency's Standards of Employee Conduct that set forth certain employee requirements and standards. On June 8, 2003 he was involved in a traffic accident. He was subsequently charged with the offense of Driving Under the Influence of Alcohol or a controlled substance, and on February 2, 2004 he was convicted and sentenced to home confinement, participation in a rehabilitation program, and payment of various fines. He was also charged with violation of a condition of his probation for a previous Driving Under the Influence arrest in November 2002.

A written report of his arrest and 2004 conviction was not filed with the agency, although the agency's Standards of Employee Conduct required the employee to do so. However, he states that he promptly orally informed his superiors of the occurrence of the traffic accident, that he had been drinking the day of the accident, and that he had submitted to a blood test after the accident. He states that he exceeded the required notification standards for he immediately notified management of his possible violation of law, although he had not been arrested or charged at that time.

On June 8, 2004 the agency issued a Notice of Proposed Removal and on December 8, 2004 he was removed from employment, on charges of off-duty misconduct, failure to report the arrest, failure to satisfy just debts (defaulting on his mortgage), and possession of contraband in the workplace (a cellular telephone) in violation of the Standards of Employee Conduct.

Mr. Stevenson appealed to the Merit Systems Protection Board ("MSPB"). The administrative judge ("AJ") concluded that removal was a reasonable penalty for the three

charges of off-duty misconduct, failure to report arrest, and possession of contraband. The full Board declined review, and Mr. Stevenson appeals to this court.

## DISCUSSION

We review the decision of the MSPB to determine whether it was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation; or unsupported by substantial evidence. See 5 U.S.C. §7703(c); Cheeseman v. Office of Pers. Mgmt., 791 F.2d 138, 140 (Fed. Cir. 1986).

## A

Mr. Stevenson challenges the Board's determination with respect to the charge of failure to report an arrest, on the ground of inadequate evidentiary support. He challenges the AJ's admittance into evidence of Warden Michael Pugh's affidavit which stated, inter alia, that to best of Warden Pugh's recollection Mr. Stevenson did not report his arrest. It is undisputed that Mr. Stevenson did not file a written report of the arrest; he states that he made an oral report of the accident to both Associate Warden Michael J. Orn and Warden Pugh. Mr. Stevenson states that Warden Pugh instructed him not to file a written report, for he had not then been arrested, and to "keep him posted." Mr. Stevenson challenges the admission of Warden Pugh's affidavit and argues against the weight given to it by the Board.

The Board has broad discretion in evaluation of the evidence in the record and the weight given to it. Koenig v. Dep't of the Navy, 315 F.3d 1378 (Fed. Cir. 2003). See Rogers v. Office of Pers. Mgmt., 87 F.3d 471, 472 (Fed. Cir. 1996) (citing Hambsch v. Dep't of the Treasury, 796 F.2d 430 (Fed. Cir. 1986)) for its holding that the deference afforded

Board administrative judges renders their credibility determinations "virtually unreviewable." Applying this credibility standard, there was substantial evidence to support the Board's finding that he failed to report his arrest and that he violated the agency's Standards of Employee Conduct.

**B**

Mr. Stevenson also challenges the sufficiency of the evidence supporting the Board's determination that there was a nexus between the misconduct and the efficiency of the service. Federal law authorizes an agency to remove an employee for "cause as will promote the efficiency of the service." 5 U.S.C. §7513(a). Warden Pugh testified by affidavit that "due to the appellant's misconduct, he had lost trust and confidence in the appellant's ability to perform the duties of his position." The Board found a sufficient nexus based on the nature of the misconduct and the nature of the agency's mission of law enforcement. Precedent recognizes that there may be a nexus between an employee's misconduct and the efficiency of the service, even in the absence of evidence of a direct effect on the employee's job performance. See Allred v. Dep't of Health & Human Servs., 786 F.2d 1128 (Fed. Cir. 1986) (a showing of nexus may be made, depending on the circumstances, absent evidence of a direct effect on job performance); Brown v. Dep't of the Navy, 229 F.3d 1356 (Fed. Cir. 2000) (finding of a nexus between the employee's misconduct and his job responsibilities, on a showing of a likely adverse impact on the agency's performance of its functions). The Board's conclusion that the misconduct impacted the efficiency of the service was supported by substantial evidence, and was not contrary to law.

## C

Mr. Stevenson also states that the agency failed to consider fully all of the <u>Douglas</u> factors, in light of the weak substantiality of the evidence supporting the removal. As provided by <u>Douglas v. Veterans Administration</u>, 5 M.S.P.R. 280, 333 (MSPB 1981), the Board must ensure that all of the relevant factors were considered and that the penalty is "a responsible balance within tolerable limits of reasonableness."

In evaluating an agency-imposed penalty the Board's consideration starts with the nature and seriousness of the misconduct and its relation to the employee's duties, position, and responsibilities. <u>Zayer v. Dep't of Veterans Affairs</u>, 90 M.S.P.R. 51, 55 (2001). In the present case the Board discussed the applicable <u>Douglas</u> factors, including mitigating factors such as Mr. Stevenson's potential for rehabilitation and the effect of various personal problems, and declined to disturb the agency's removal decision. There was substantial evidence in support of the Board's conclusion.

The Board's decision was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, and was not obtained without procedures required by law, rule, or regulation having been followed. <u>See</u> 5 U.S.C. §7703(c). The Board's decision must be affirmed.

No costs.