NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3225

DIANE KING,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

Diane King, of Deatsville, Alabama, pro se.

Maame A.F. Ewusi-Mensah, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, and Kathryn A. Bleecker, Assistant Director.

Appealed from:  United States Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2007-3225

DIANE KING,

Petitioner,

v.

DEPARTMENT OF VETERANS AFFAIRS,

Respondent.

_____

DECIDED: September 14, 2007

_____

Before RADER, Circuit Judge, CLEVENGER, Senior Circuit Judge, and DYK, Circuit Judge.

PER CURIAM.

Diane King ("King") appeals from the decision of the Merit Systems Protection Board ("Board") in AT-1221-06-0781-W-1, denying her request for corrective action under the Whistleblower Protection Act ("WPA") after she was suspended from her position for one day. Because we conclude that the various errors alleged by King are without merit, we affirm.

BACKGROUND

King is a Medical Technologist, GS-09, at the VA Health Care System in Alabama. On November 10, 2005, the VA proposed to reprimand King for making false statements about a co-worker. According to King's own admission, on November 15, 2005, she was off-duty but on the VA's East Campus in Tuskegee for a doctor's appointment and went into the canteen to do Christmas shopping. She approached a

supervisor, who said hello, and King responded: "You know, I didn't get my law degree out of a cracker jack box. You're going to wish you hadn't started this." Based on this conduct, the agency suspended her for one day for "disrespectful conduct." King claimed that she was disciplined for protected whistleblowing, alleging that she had engaged in protected whistleblowing in making the statements about the other employee for which the earlier reprimand was proposed. She exhausted her remedies with the Office of Special Counsel and then filed an Individual Right of Action with the Merit Systems Protection Board ("Board"). After a hearing, the Administrative Judge issued an initial decision denying corrective action, which became the final decision of the Board upon denial of review. King timely appealed to this court, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The Board's decision must be affirmed unless it is found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); Yates v. Merit Sys. Prot. Bd., 145 F.3d 1480, 1483 (Fed. Cir. 1998).

Even assuming, solely for purposes of this appeal, that King made a protected disclosure and that the protected disclosure was a contributing factor in the personnel action, the agency can sustain the discipline if it can show by clear and convincing evidence that it would have taken the action in the absence of the protected disclosure. 5 U.S.C. § 1221(e)(2). We conclude that the Board's finding that the agency would have taken its action regardless of the protected alleged activity was supported by clear

and convincing substantial evidence. As found by the Board, the evidence of disrespectful conduct was both "strong" and "undisputed" and the agency had imposed far more serious discipline on "similarly situated individuals," whom the Board found were not whistleblowers.

While King argues that the suspension was improper because she was off-duty at the time of the incident, adverse personnel actions may be taken for off-duty conduct if there is a nexus between the conduct and the "efficiency of the service." Allred v. Dept. of Health & Human Servs., 786 F.2d 1128, 1130 (Fed. Cir. 1986). We conclude that the record provides substantial evidence of a nexus, including the fact that the incident happened at her employer's facility and involved a supervisor. King also argues that her statements were protected by the First Amendment, but the government may restrict speech if it "reasonably believe[] [it] would disrupt the office, undermine [a supervisor's] authority, and destroy close working relationships." Connick v. Myers, 461 U.S. 138, 154 (1983). The record discloses substantial evidence to support a conclusion that this is such a situation.

King makes a variety of other arguments, each of which we have considered carefully and find to be without merit. We therefore affirm.

No costs.