NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3019

BRIAN K. NEWSOME,

Petitioner,

v.

DEPARTMENT OF THE TREASURY,

Respondent.


Brian Keith Newsome, of Lithonia, Georgia, pro se.

Dawn E. Goodman, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With her on the brief were Michael F. Hertz, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Harold D. Lester, Jr., Assistant Director.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3019

BRIAN K. NEWSOME,

Petitioner,

v.

DEPARTMENT OF THE TREASURY,

Respondent.

Petition for review of the Merit Systems Protection Board in AT0752080282-I-1.

_____

DECIDED:  July 29, 2009

_____

Before GAJARSA, LINN, and PROST, Circuit Judges.

PER CURIAM.

Brian K. Newsome petitions for review of the final decision of the Merit Systems Protection Board ("Board") affirming his thirty-day suspension from his position as a Tax Examiner at the Internal Revenue Service ("Agency").  Newsome v. Dep't of Treasury, MSPB Docket No. AT0752080282-I-1 (Final Order, Aug. 4, 2008).  Because the Board committed no legal error, we affirm.

BACKGROUND

For fifteen years, Mr. Newsome was employed as a Tax Examiner Technician by the Agency. On May 23, 2007, he was issued a notice of proposed adverse action recommending that he be suspended for thirty days for his failure to follow the instructions of management. The notice of proposed adverse action outlined two specifications regarding Mr. Newsome's failure to follow management instructions. First, the notice alleged Mr. Newsome's failure to comply with his unit's clean desk policy contained in the Input Correction Operation Employee Expectations and Work Practices book. Second, the notice contended that Mr. Newsome failed to comply with his manager's directive to contact his supervisor, instead of a policy analyst, with any technical questions.

Mr. Newsome provided an oral reply to the allegations on June 14, 2007. Subsequently, the Agency determined that the thirty-day suspension was appropriate, taking into consideration the serious and intentional nature of the offense, Mr. Newsome's three prior suspensions that resulted from similar misconduct, and the clarity of the notification regarding the rules that Mr. Newsome had received. In lieu of the suspension, Mr. Newsome entered into a settlement agreement with the Agency on September 5, 2007. Pursuant to the agreement, the Agency withheld a final decision regarding the proposed suspension on the condition that Mr. Newsome follow his manager's instructions and readily respond to her directives. If he failed to do so during a twelve-month probationary period, the agreement permitted the Agency to effectuate the thirty-day suspension without issuing a new proposal letter or providing an additional opportunity to reply.

On or about December 7, 2007, the Agency implemented the suspension after Mr. Newsome failed to comply with his manager's directions. Specifically, the Agency alleged that he failed to heed his manager's repeated requests to submit particular documents to her. In addition, he was charged with failing to sign off his computer when he left his work station, as required by security procedures and by his manager's directive.

Mr. Newsome appealed his suspension to the Board in January of 2008. In a pretrial conference, the Administrative Judge ("AJ") determined Mr. Newsome's failure to follow directions "by its very nature, is related to the efficiency of the service." Consequently, the AJ found that a nexus existed between the alleged misconduct and the Agency's efficiency.

On April 21, 2008, the AJ affirmed the Agency's action. First, he found that Mr. Newsome violated the settlement agreement by refusing to follow his manager's directives, and sustained Mr. Newsome's suspension. Moreover, the AJ determined that the suspension promoted the efficiency of the Agency's service, relying on his prior finding of nexus while further finding that the suspension was a reasonable penalty.

The Board denied Mr. Newsome's petition for review and entered a final order on August 4, 2008. Mr. Newsome timely appealed.

We have jurisdiction under 28 U.S.C. § 1295(a)(9).

DISCUSSION

The scope of our review of a decision by the Board is limited. We may only set aside the Board's decision if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law,

rule, or regulation having been followed; or (3) unsupported by substantial evidence. . . ." 5 U.S.C. § 7703(c); see Conyers v. Merit Sys. Prot. Bd., 388 F.3d 1380, 1381 (Fed. Cir. 2004).

To implement an adverse action that was withheld pursuant to a settlement agreement, an agency must show by a preponderance of the evidence that the employee breached the agreement. 5 C.F.R. § 1201.56(a)(ii); cf. Stewart v. U.S. Postal Serv., 926 F.2d 1146, 1148 (Fed. Cir. 1991) (holding that the Board must resolve non-frivolous factual issues regarding compliance with a settlement agreement before addressing a waiver of appeal rights). The Board's factual findings must be upheld when they are supported by substantial evidence. Brown v. Dep't of the Navy, 229 F.3d 1356, 1363 (Fed. Cir. 2000). The AJ found that Mr. Newsome breached the agreement by failing to follow his manager's directions when he did not submit documents that she repeatedly requested. Relying on Mr. Newsome's acknowledgment that he did not submit certain requested documents, the AJ determined that the Agency had shown by a preponderance of the evidence that Mr. Newsome had failed to follow directions. There is no evidence in the record to support Mr. Newsome's argument that he timely delivered the documents when so directed. Accordingly, the AJ's determination that Mr. Newsome failed to follow directions and, thus, breached the settlement agreement was neither arbitrary nor capricious.

In addition, the Board did not abuse its discretion by sustaining the Agency's suspension of Mr. Newsome. An agency must establish three elements to withstand a challenge to an adverse action against an employee. First, it must prove by a preponderance of the evidence that the alleged conduct occurred. 5 U.S.C. § 7701(c)

(1)(B). Second, it must establish a nexus between the conduct and the efficiency of the agency. 5 U.S.C. § 7513(a). Third, it must demonstrate that the penalty is reasonable. Douglas v. Veterans Admin., 5 M.S.P.R. 280, 302-303 (1981).

First, the AJ found that Mr. Newsome failed to follow the management instructions in regards to both specifications alleged in the notice for proposed adverse action. In sustaining the specification that he failed to comply with the clean desk policy, the AJ relied on Mr. Newsome's acknowledgement that he neglected to properly store his work on at least one occasion. Similarly, based on Mr. Newsome's own acknowledgment that he contacted a policy analyst with questions, the AJ sustained the second specification that alleged Mr. Newsome failed to follow his manager's directives to contact his lead with such inquiries. Given Mr. Newsome's confirmation of both allegations, the AJ's finding was supported by substantial evidence.

Further, the AJ did not abuse his discretion when he held that the thirty-day suspension was reasonable. An agency's adverse action should be sustained if the agency establishes a nexus between the misconduct and the efficiency of the agency's service and shows that the penalty is reasonable. Allred v. Dep't of Health & Human Servs., 786 F.2d 1128, 1130 (Fed. Cir. 1986). The AJ first determined that a nexus with the Agency's efficiency was established because a failure to follow directions, "by its very nature," affects the efficiency of service. A nexus may be established by showing that the employee's misconduct interfered with or adversely affected the agency's mission. See id. at 1131. Further, "[f]ailure to follow instructions or abide by requirements affects the agency's ability to carry out its mission. Blevins v. Dep't of Army, 26 M.S.P.R. 101, 104 (1985), aff'd, 790 F.2d 95 (Fed. Cir. 1986). Thus, "there is

a causal connection between an employee's refusal to comply with what the agency believes are properly promulgated instructions and the efficiency of the service." Id.; see also Watson v. Dep't of Transp., 49 M.S.P.R. 509, 516 (1991) ("It is well established that refusal to follow proper instructions adversely affects the efficiency of the service."). As discussed above, because substantial evidence supports the finding that Mr. Newsome failed to follow directions that were promulgated by the Agency and his manager, there was no abuse of discretion in finding a nexus between his misconduct and the efficiency of service.

Further, the Board did not abuse its discretion when it affirmed the reasonableness of the thirty-day penalty. The Board may only review a penalty imposed by an agency to determine if the agency considered all relevant factors and exercised managerial judgment "within tolerable limits of reasonableness." See Douglas, 5 M.S.P.R. at 302. The Agency considered Mr. Newsome's fifteen years of service, but it determined that other factors, particularly his prior disciplinary actions, justified the suspension. Accordingly, there was appropriate consideration of the relevant Douglas factors to establish that the penalty was reasonable. Thus, there was no abuse of discretion in determining that the Agency appropriately considered the relevant factors.

For these reasons, the decision of the Board is affirmed.

No costs.