Charles C. BANKS, Jr., Petitioner,

v.

**DEPARTMENT OF VETERANS AFFAIRS, Respondent.**

No. 01–3227.

United States Court of Appeals, Federal Circuit.

Nov. 9, 2001.

Before RADER, SCHALL, and BRYSON, Circuit Judges.

PER CURIAM.

Charles C. Banks seeks review of the March 28, 2001 final order of the Merit Systems Protection Board (Board), Docket No. CH–0752–00–0546–I–1, affirming his removal from employment by the Department of Veterans Affairs (VA). Because substantial evidence supports the Board's decision, which was not arbitrary, capricious, an abuse of discretion, or contrary to law, this court *affirms*.

## I.

Mr. Banks was employed as a Food Service Worker for the VA Medical Center in Battle Creek, Michigan. On August 31, 1999, the Battle Creek police arrested Mr. Banks at work based on a domestic abuse complaint filed by his former girlfriend, Ms. Sherry Davis, the mother of two of his children. The complaint was dismissed shortly thereafter.

The following day, after working a full shift at the VA, Mr. Banks armed himself with a handgun and drove to Ms. Davis' residence in Grand Rapids, Michigan. After Mr. Banks arrived at Ms. Davis' apartment, Mr. Banks and Ms. Davis engaged in a heated argument and eventually a physical struggle. In an attempt to stop

the altercation, Tamika Swain, Ms. Davis' twenty-two year old daughter, struck Mr. Banks in the face. Mr. Banks pulled a handgun from his back pocket, loaded the gun, and fired two shots as Ms. Swain and Ms. Davis fled. One bullet went into the air, but the second hit Ms. Swain in the arm, grazing her breast.

After the police charged Mr. Banks with assault with intent to commit murder, he eventually pled guilty to the lesser charge of domestic violence and assault to do great bodily harm. The court sentenced Mr. Banks to twelve months in jail. Mr. Banks served six of those months.

Based on the guilty plea, the VA informed Mr. Banks that it planned to terminate his employment. Obtaining an attorney, Mr. Banks sought reinstatement because this event was a "once in a lifetime episode" for him. The VA maintained the termination stating that Mr. Banks' criminal misconduct interfered with the VA's mission.

Mr. Banks appealed the VA's decision to the Board, stating that the VA failed to consider all relevant information. After considering the proffered arguments and evidence, the administrative judge found a nexus between Mr. Banks' violent misconduct and the performance of his duties at the VA medical center.

Mr. Banks also argued that his termination was unreasonable because he had an excellent work record over twenty-one years. The administrative judge found the argument unavailing when considering the seriousness and recency of the violent crime. The administrative judge found that the VA demonstrated that the penalty of removal was reasonable and promoted efficiency of service.

In his petition for review to the Board, Mr. Banks cited specific evidence of other VA medical center employees, who had similar criminal convictions but were allowed by the VA to remain employed.

The VA responded by distinguishing the then-current other employees' alleged crimes from Mr. Banks'. The Board concluded that Mr. Banks' petition for review failed to meet the criteria set forth at 5 C.F.R § 1201.115, and therefore finalized the initial decision.

Mr. Banks appeals to this court, which has exclusive appellate jurisdiction. 28 U.S.C. § 1295(a)(9) (1994); 5 U.S.C. § 7703(b)(1) (Supp. IV 1998).

## II.

This court affirms Board decisions unless arbitrary or capricious, an abuse of discretion, not supported by substantial evidence, or otherwise not in accordance with the law. 5 U.S.C. § 7703(c) (1994); *Hayes v. Dep't of the Navy*, 727 F.2d 1535, 1537 (Fed.Cir.1984).

██ An agency, such as the VA, must establish three things to withstand a challenge to an adverse action against an employee. *Pope v. United States Postal Serv.*, 114 F.3d 1144, 1147 (Fed.Cir.1997). First, the VA must prove, by a preponderance of the evidence, that the charged misconduct occurred. 5 U.S.C. § 7701(c)(1)(B) (1994). Second, the VA must establish a nexus between that misconduct and the efficiency of the service. 5 U.S.C. § 7513(a) (1994); *Hayes*, 727 F.2d at 1539. Third, it must demonstrate that the penalty imposed is reasonable. *See Douglas v. Veterans Admin.*, 5 MSPB 313, 5 M.S.P.R. 280, 306–07 (1981).

## A.

██ Neither party disputes the first inquiry since Mr. Banks pled guilty to domestic violence and assault to do great bodily harm. With regard to the second inquiry, the VA must show, by a preponderance of evidence, that Mr. Banks' conduct is related to his job-related responsibilities so that removal promotes the efficiency of service. *Allred v. Dep't*

*of Health & Human Servs.*, 786 F.2d 1128, 1130 (Fed.Cir.1986); *see also* 5 U.S.C. § 7701(c)(1)(B); 5 U.S.C. § 7513(a) (1994 & Supp. IV 2000). To satisfy this requirement, the VA must establish a nexus between Mr. Banks' misconduct and the VA's performance of its functions. *See Brown v. Dep't of the Navy*, 229 F.3d 1356, 1358 (Fed.Cir. 2000).

■ A presumption of nexus may arise in instances in which an employee's conduct is so egregious that "it speaks for itself." *Allred*, 786 F.2d at 1130 (quoting *Hayes*, 727 F.2d at 1539). Moreover, as this court stated in *Allred:* "Courts have repeatedly held that where an employee's misconduct is contrary to the agency's mission, the agency need not present proof of a direct effect on the employee's job performance." 786 F.2d at 1131. Such holdings are warranted because such "misconduct [is] of a character likely to undermine public confidence in the agency, and thus impair the agency's efficiency, although it might not affect the, employee's job performance." *Id.* (quoting *Wild v. United States Dep't of Hous. & Urban Dev.*, 692 F.2d 1129, 1132 (7th Cir.1982)). As Mr. Banks' violent conduct was undoubtedly egregious, a presumption of nexus was proper in this case.

The Board gave Mr. Banks an opportunity to rebut this presumption. *Allred*, 786 F.2d at 1131 (citing *Heiner v. Donnan*, 285 U.S. 312, 329, 52 S.Ct. 358, 76 L.Ed. 772 (1932)). To rebut the presumption in this case, Mr. Banks asserted that his off-duty conduct of shooting another person would not impair his performance as a food service worker. Courts have dismissed such assertions, however, particularly where the conduct was egregious. *See, e.g., Brown*, 229 F.3d at 1362; *Abrams v. Dep't of the Navy*, 714 F.2d 1219, 1226 (3rd Cir.1983).

Moreover, as noted by the administrative judge, "the conduct for which the appellant was convicted—shooting at and injuring a human being—conflicted with the VA Medical Center's mission of providing medical care to sick and injured veterans." *Banks v. Dep't of Veterans Affairs*, No. CH–0752–00–0546–I–1, slip op. at 5, 2001 WL 359571 (M.S.P.B. Aug.21, 2001). Where a crime is so egregious that "it speaks for itself," there is a rational basis for the agency to find the necessary connection between the employee's conduct and the disciplinary employment action taken for the efficiency of the service. *Hayes*, 727 F.2d at 1539. In light of the violent, life-threatening nature of the crime committed by Mr. Banks, the Board's finding of nexus between the misconduct and the efficiency of the service is not arbitrary or capricious, an abuse of discretion, or unsupported by substantial evidence.

## B.

■ In reviewing an agency's penalty decision, the Board is required to ascertain whether the agency has responsibly balanced the factors delineated in *Douglas v. Veterans Admin.*, 5 MSPB at 332–33, 5 M.S.P.R. 280. Neither the Board nor this court decides what penalty the agency should have chosen. *See Hayes*, 727 F.2d at 1540. Rather, they have a duty to decide whether the VA has selected a penalty within the "tolerable limits of reasonableness." *Mitchum v. Tenn. Valley Auth.*, 756 F.2d 82, 84 (Fed.Cir.1985); *Hayes*, 727 F.2d at 1540. As stated in by this court in *Dominguez v. Dep't of the Air Force*, 803 F.2d 680, 684 (Fed.Cir.1986):

> [T]he court cannot and will not disturb a penalty unless it is unauthorized or exceeds the bounds of reasonableness because it is so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion, or where the record is devoid of any basis demonstrating reasonableness. (Citation omitted.)

■ With regard to the *Douglas* factors, Mr. Banks contested his removal penalty by citing to the Board: (1) his excellent prior work record; (2) the low-level (i.e., non-managerial) aspect of his job; (3) his assertion that this event is not likely to recur; and (4) his assertion that other employees with similar criminal records have been treated differently. *See Douglas*, 5 MSPB at 332–33, 5 M.S.P.R. 280.

■ As to the first two assertions, the Board considered Mr. Banks' uncontested, excellent prior work record, as well as the level of his position, but nevertheless found them unavailing as compared to the nature and seriousness of his misconduct. As to the third assertion, the VA need not prove that the particular misconduct is likely to recur. *Brown*, 229 F.3d at 1362. Moreover, off-duty misconduct may alone justify an employee's removal where that misconduct is found to be inconsistent with the mission of the employing agency. *Id.* at 1361.

As to his fourth assertion, Mr. Banks alleged that the VA failed to provide similar treatment to those similarly situated. In particular, Mr. Banks alleged that the VA currently employs persons convicted of felony possession of firearms, drunk driving, and homicide.

■ As an initial matter, this court notes that the record reflects that Mr. Banks raised this assertion for the first time in his petition for review of the initial decision to the Board. Mr. Banks did not address why he failed to raise this particular argument and evidence prior to filing his petition for review. This court will not consider an argument raised for the first time in a petition for review to the full Board. *Bosley v. Merit Sys. Prot. Bd.*, 162 F.3d 665, 668 (Fed.Cir.1998).

Even assuming Mr. Banks did raise this argument before filing his petition for review, the argument is unavailing. The VA responded to Mr. Banks' allegations by noting that each of the alleged crimes involving other employees was far removed, either in severity or time, from Mr. Banks' recent shooting of another individual. For example, the two employees who allegedly committed the most serious offenses were convicted prior to employment by the VA. Moreover, the most serious allegation regarding an employee related to a felony firearm incident that took place when the employee was a minor. Thus, none of the employees were "similarly situated" to Mr. Banks. There was, therefore, no basis for substantiating Mr. Banks' allegation that he was treated differently from similarly situated employees.

In sum, the Board did not abuse its discretion by affirming the removal of Mr. Banks from the VA, especially in light of the nature and seriousness of his off-duty misconduct. Substantial evidence supports the Board's finding that the VA acted within the "tolerable limits of reasonableness." *Mitchum*, 756 F.2d at 84.