# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| KEITH AIKEN, | DOCKET NUMBER |
| Appellant, | DA-0752-14-0152-I-1 |
| v. | |
| DEPARTMENT OF THE ARMY, | DATE: May 18, 2015 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Norman Jackman</u>, Esquire, Cambridge, Massachusetts, for the appellant.

<u>Danny Peters</u>, El Paso, Texas, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which affirmed the agency's removal action.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant allegedly made false statements to federal law enforcement officers regarding a coworker in January 2011 while serving as a civilian military employee stationed in Afghanistan. Initial Appeal File (IAF), Tab 4, Subtab 4c at 35-36, Subtab 4e at 32-34, 46-50; *see* IAF, Tab 1 at 11, Tab 4, Subtab 4e at 12, 14-16. He subsequently confessed that he had fabricated the statements but then alleged that the confession was obtained through coercion. IAF, Tab 4, Subtab 4c at 37, 39-41, Subtab 4e at 94-99. He resigned from his position effective March 19, 2011. IAF, Tab 19, Exhibit (Ex.) 4J.

¶3 On December 5, 2011, the agency appointed him to his current position of a GS-12 Quality Assurance Specialist in Fort Bliss, Texas. IAF, Tab 19, Ex. 4L. The agency asserted that its management officials at Fort Bliss were unaware of the appellant's activities regarding the alleged false statements until May 2013, when they learned that the appellant had been indicted and was scheduled for a criminal trial. IAF, Tab 15 at 2. On June 27, 2013, the appellant was convicted in the U.S. District Court for the Western District of Texas on two counts of making false statements to law enforcement under the criminal statute, 18 U.S.C.

§ 1001, and was sentenced on September 20, 2013. IAF, Tab 4, Subtab 4e at 1-6. The agency proposed his removal on October 17, 2013. IAF, Tab 1 at 11-13. Effective December 9, 2013, the agency removed the appellant based on the following two charges: (1) making false statements to law enforcement; and (2) conduct unbecoming a federal employee. *Id.* at 10, 14-16. The appellant appealed his removal to the Board and requested a hearing. *Id.* at 1-9. He disputed both charges and asserted the affirmative defense of harmful error. *Id.* at 6; IAF, Tab 8.

¶4 After holding the requested hearing, the administrative judge issued an initial decision affirming the removal action. IAF, Tab 25, Initial Decision (ID) at 1, 11. The administrative judge sustained both charges, found a nexus between the sustained misconduct and the efficiency of the service, and determined that the penalty was within the bounds of reasonableness. ID at 2-5, 7-11. Specifically, the administrative judge applied the doctrine of collateral estoppel to sustain the first charge. ID at 4-5. The administrative judge also found that the appellant failed to prove his affirmative defense of harmful error. ID at 5-7.

¶5 The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has responded in opposition. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge properly applied the doctrine of collateral estoppel to sustain the first charge.</u>

¶6 In his petition for review, the appellant appears to dispute the administrative judge's application of collateral estoppel to sustain the charge of making false statements to law enforcement. PFR File, Tab 1 at 4. In applying this doctrine, the administrative judge relied on the criminal trial that litigated the issue of whether the appellant made a false statement to law enforcement officers and the appellant's subsequent conviction. ID at 4. Under the doctrine of collateral estoppel, a judgment on the merits in one lawsuit precludes the relitigation of the same issue in a second suit, regardless of whether the first and

second suits were based on the same cause of action. *Raymond v. Department of the Army*, 34 M.S.P.R. 476, 480 (1987). Collateral estoppel, or issue preclusion, is appropriate when: (1) the issue is identical to that involved in the prior action; (2) the issue was actually litigated in the prior action; (3) the determination on the issue in the prior action was necessary to the resulting judgment; and (4) the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior action, either as a party to the earlier action or as one whose interests were otherwise fully represented in that action. *McNeil v. Department of Defense*, 100 M.S.P.R. 146, ¶ 15 (2005); *see Kroeger v. U.S. Postal Service*, 865 F.2d 235, 239 (Fed. Cir. 1988).

¶7        The appellant has not provided evidence or argument to dispute the administrative judge's findings regarding these four factors, which appear to be supported by the record. *See* ID at 2-5; *see also* 5 C.F.R. § 1201.115. To the extent that the appellant is arguing that collateral estoppel does not apply because he is appealing his criminal conviction to the U.S. Court of Appeals for the Fifth Circuit, we are not persuaded. *See* IAF, Tab 8 at 7. The pendency of an appeal does not suspend the operation of an otherwise final judgment as collateral estoppel unless the appeal removes the entire case to the appellate court and constitutes a proceeding de novo. *Lively v. Department of the Navy*, 31 M.S.P.R. 318, 321 (1986). The appellant has not indicated that the appellate court review of his criminal conviction is de novo rather than on the record, and concurrent Board proceedings will not improperly interfere with the court's review. *See Rice v. Department of the Treasury*, 52 M.S.P.R. 317, 321 (1992). Accordingly, we find that the administrative judge properly applied collateral estoppel to sustain the first charge.

The administrative judge properly sustained the second charge.

¶8        The appellant also disputes the second charge of conduct unbecoming a federal employee. PFR File, Tab 1 at 5. He argues that the second charge should "fail" because, "if the agency is to be believed that it failed to take any

disciplinary action when it learned of the alleged false statements, it cannot take action several years later." *Id.* The Board has considered "stale charge" claims as raising the equitable defense of laches, which bars an action when an unreasonable delay in bringing the action has prejudiced the subject of the action. *Salter v. Department of the Treasury*, 92 M.S.P.R. 355, ¶ 10 (2002). As explained below, *infra* ¶¶ 9, 13, the appellant resigned from his former position in March 2011 shortly after admitting that he made false statements, *see* IAF, Tab 4, Subtab 4e at 94-99, Tab 19, Ex. 4J, and the agency acted promptly following his conviction and sentencing in 2013. Thus, the record does not support a finding of delay. Further, the party asserting laches must prove both unreasonable delay and prejudice. *Salter*, 92 M.S.P.R. 355, ¶ 10. The appellant has not shown that any delay by the agency was unreasonable and has not asserted that any delay was prejudicial to his appeal. Accordingly, we find that the appellant has not proven the equitable defense of laches and we conclude that the administrative judge properly sustained the second charge.

The appellant has failed to prove his affirmative defense of harmful error.

¶9        The appellant reiterates his argument below that the agency cannot discipline him twice for the same conduct. PFR File, Tab 1 at 4-6; *see Cooper v. Department of Veterans Affairs*, 117 M.S.P.R. 611, ¶ 5 (2012) (stating that the Board has long held that an agency cannot impose a disciplinary or adverse action more than once for the same misconduct), *aff'd*, 515 F. App'x 897 (Fed. Cir. 2013). The administrative judge considered the appellant's argument and found that he failed to establish that the agency imposed discipline or an adverse action more than once for the same misconduct. ID at 5-7; *see* IAF, Tab 1 at 6, Tab 8 at 7-8. The administrative judge also found that, although the appellant may have resigned in anticipation of discipline in 2011 and felt the environment to be intolerable, there was no evidence in the record that the agency disciplined him based on the misconduct. ID at 6-7. The administrative judge emphasized that the appellant is appealing his removal, which was based on his 2013 conviction.

ID at 7. The appellant fails to provide a reason to disturb the administrative judge's determination that the agency did not impose a disciplinary action more than once for the same misconduct.[2] *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate references, and made reasoned conclusions).

¶10 The appellant also argues that the agency should have known about the allegations of misconduct when they rehired him at Fort Bliss and that "a failure to inquire into a prospective employee's background should not be accepted by the Board." PFR File, Tab 1 at 4-5. The administrative judge considered the testimony of the approving official for the appellant's hiring at Fort Bliss and found that "the hiring authorities did not have knowledge of the incidents that occurred in Afghanistan in 2011." ID at 8; *see* IAF, Tab 21, Hearing Compact Disc (HCD) (13:53-14:30). The administrative judge also considered the testimonies of the approving official and the supervisor at the Civilian Personnel Advisory Center regarding the hiring procedures that applied to the appellant as the spouse of an active-duty military member. ID at 8; *see* HCD (16:50-42:50). The administrative judge concluded that "the fact that the agency hired the appellant upon his wife's assignment to Fort Bliss, does not preclude the agency from taking disciplinary action based on the appellant's 2013 conviction." ID at 8. We find no basis to disturb the administrative judge's well-reasoned finding. *See Crosby*, 74 M.S.P.R. at 105-06.

The appellant fails to provide a reason to address his new argument that the agency violated his constitutional right to due process.

¶11 The appellant argues for the first time on review that the agency denied him a meaningful opportunity to be heard in violation of the Constitution. PFR File,

---

[2] Further, the administrative judge informed the parties in the summary of the telephonic prehearing conference that the appellant's resignation in March 2011 is not part of the appeal except as it relates to his removal. IAF, Tab 17 at 4-5.

Tab 1 at 3-4, 6. Specifically, he alleges that the agency denied him the ability to speak to the proposing official and submits evidence showing that the agency denied him access to the building and that the proposing official refused to speak with him. *Id.* at 3-4, 7-8. However, we decline to address this new argument further because the appellant has not shown that it is based on any material and previously unavailable evidence. *See* 5 C.F.R. § 1201.115(d).

The agency has proven that the penalty of removal promoted the efficiency of the service.

¶12     The appellant argues that his removal did not promote the efficiency of the service because of the "delay" between his alleged misconduct and his removal. PFR File, Tab 1 at 6. We find that the lapse of time between the dates of the alleged incidents in January 2011 and the effective date of his removal in December 2013 does not preclude a determination that the penalty promotes the efficiency of the service on the facts of this case. *See, e.g.*, *Allred v. Department of Health & Human Services*, 23 M.S.P.R. 478, 479-80 (1984) (finding that the presiding official's reliance on the agency's delay in initiating the adverse action as evidence that there was an absence of nexus is misplaced), *aff'd*, 786 F.2d 1128 (Fed. Cir. 1986); *Kumferman v. Department of the Navy*, 19 M.S.P.R. 5, 6-7 (1984) (finding that a sufficient nexus exists between the appellant's misconduct and the efficiency of the service despite the agency's 21-month delay in initiating the removal action), *aff'd*, 785 F.2d 286 (Fed. Cir. 1986).

¶13     Moreover, we find that the agency was unable to implement an earlier penalty because the appellant resigned in March 2011, just a few weeks after he admitted to making false statements. *See* IAF, Tab 4, Subtab 4e at 94-99, Tab 19, Ex. 4J. The appellant disputes the administrative judge's finding that the Fort Bliss hiring authorities did not have knowledge of the incidents that occurred in Afghanistan in 2011. PFR File, Tab 1 at 4-6; *see* ID at 8. However, he does not provide any persuasive basis to disturb the administrative judge's finding, which is supported by the record. ID at 8; HCD (13:53-14:30); *see* 5 C.F.R. § 1201.115.

We find that the agency acted promptly after the appellant was convicted in June 2013 and sentenced in September 2013 by proposing his removal in October 2013.  *See* IAF, Tab 1 at 11-13.  Therefore, we find that the appellant has not shown any persuasive reason to disturb the administrative judge's finding that his removal promoted the efficiency of the service.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:              _____
                            William D. Spencer
                            Clerk of the Board

Washington, D.C.