**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JOHN DOE,
            Appellant,

       v.

DEPARTMENT OF COMMERCE,
            Agency.

DOCKET NUMBER
DE-0752-20-0416-I-1

DATE: August 12, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Thomas F. Muther, Denver, Colorado, for the appellant.

Christiann C. Burek and Ashley Geisendorfer, Washington, D.C., for the
agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**FINAL ORDER**

The agency has filed a petition for review of the initial decision, which
reversed the appellant's removal for conduct unbecoming a Federal employee,
finding that the appellant rebutted the presumption of nexus. For the reasons
discussed below, we GRANT the agency's petition for review and AFFIRM the

---

[1] A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law. Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions. In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

administrative judge's findings regarding the charge and the application of the rebuttal presumption of nexus. We VACATE the administrative judge's finding that the appellant rebutted that presumption, and SUSTAIN the removal action, finding that the appellant failed to rebut the presumption of nexus and that the agency considered all relevant factors and did not abuse its managerial discretion in removing the appellant.

## BACKGROUND

The following facts are not in dispute. The appellant was employed as a ZP-5 Supervisory Research Chemist with the National Oceanic and Atmospheric Administration (NOAA).[2] Initial Appeal File (IAF), Tab 7 at 21. On September 9, 2019, the appellant, while at home, put his hand down his minor daughter's shirt and touched her breast. Then, when his daughter went to say good night to him, the appellant grabbed her shirt and pulled it up above her breasts. *Id.* at 93. As a result of his actions, the appellant was arrested and charged with sexual assault on a child-position of trust. *Id.* at 87. As part of an agreement with the prosecutor, the appellant eventually pled guilty to child abuse with a stipulated sexual factual basis, a class 2 misdemeanor, and was sentenced to 5 years of sex offender probation, which included sex offense specific treatment, abstinence from alcohol and drugs, certain restrictions as to contact with minors, and registering with Colorado's misdemeanor sex offender registry.[3] *Id.* at 56, 63-64.

Effective September 17, 2020, the agency removed the appellant for conduct unbecoming a Federal employee based on one specification based upon

---

[2] The appellant's position was the equivalent of a GS-15 on the general schedule pay scale. Department of Commerce Special Pay Tables, *available at* https://www.commerce.gov/sites/default/files/2021-01/CAPS%20Special%20Pay%20 Chart%202021.pdf.

[3] Colorado's misdemeanor sex offender registry is not available on the internet but can be requested by mail. IAF, Tab 7 at 36; *see also* Colorado Convicted Sex Offender Search, https://apps.colorado.gov/apps/dps/sor/ (last visited Aug. 12, 2024).

the same events, alleging that he unlawfully and with criminal negligence caused injury or unreasonably placed himself in a position that posed a threat of injury to the life or health of a child, which resulted in the injury of that child. *Id.* at 21-30, 51-54. The appellant filed a Board appeal alleging that his removal did not promote the efficiency of the service. IAF, Tab 1 at 4. After holding a hearing, the administrative judge issued an initial decision sustaining the charge, but reversing the removal action, finding that the appellant had rebutted the presumption of nexus and the agency failed to prove by preponderant evidence that removal would promote the efficiency of the service. IAF, Tab 27, Initial Decision (ID).

The agency has filed a petition for review of the initial decision, arguing that the administrative judge erred in finding a lack of nexus between the appellant's off-duty misconduct and the efficiency of the service.[4] Petition for Review (PFR) File, Tab 1. The appellant responded in opposition to the agency's petition for review, to which the agency replied. PFR File, Tabs 5-6.

## DISCUSSION OF ARGUMENTS ON REVIEW

As we noted, the facts leading to the appellant's removal are not in dispute, and because the record supports the administrative judge's finding to sustain the charged misconduct, we see no reason to disturb it. ID at 8; Hearing Recording (HR) (testimony of the appellant); *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987). Therefore, the only issue presented on review is whether there is nexus between the appellant's off-duty misconduct and the efficiency of the service.

---

[4] In her initial decision, the administrative judge ordered the agency to provide the appellant with interim relief if either party filed a petition for review. ID at 14-15. In its petition for review, the agency certified that it provided the appellant with interim relief and included documentation in support of the certification. Petition for Review File, Tab 1 at 4, 32.

The nexus requirement, for purposes of whether an agency has shown that its action promotes the efficiency of the service, means there must be a clear and direct relationship between the articulated grounds for an adverse action and either the employee's ability to accomplish his or her duties satisfactorily or some other legitimate Government interest. *Merritt v. Department of Justice*, 6 M.S.P.R. 585, 596 (1981), *modified on other grounds by Kruger v. Department of Justice*, 32 M.S.P.R. 71, 75 n.2 (1987). "[W]ide berth" is to be given to an agency's decision concerning what type of adverse action is necessary to promote the efficiency of the service as long as that decision bears some nexus to the reason for the adverse action. *Einboden v. Department of the Navy*, 802 F.3d 1321, 1325-26 (Fed. Cir. 2015).

An agency may show a nexus between off-duty misconduct and the efficiency of the service by the following three means: (1) a rebuttable presumption in certain egregious circumstances; (2) preponderant evidence that the misconduct adversely affects the appellant's or coworkers' job performance or the agency's trust and confidence in the appellant's job performance; or (3) preponderant evidence that the misconduct interfered with or adversely affected the agency's mission. *Kruger*, 32 M.S.P.R. 71, 74. The Board and the U.S. Court of Appeals for the Federal Circuit have long recognized that acts of sexual misconduct involving a minor are sufficiently egregious to apply a presumption of nexus. *See Allred v. Department of Health and Human Services*, 786 F.2d 1128, 1130-31 (Fed. Cir. 1986); *Graybill v. U.S. Postal Service*, 782 F.2d 1567, 1569, 1574 (Fed. Cir. 1986); *Graham v. U.S. Postal Service*, 49 M.S.P.R. 364, 367 (1991); *Williams v. General Services Administration*, 22 M.S.P.R. 476, 478-79 (1984), *aff'd*, 770 F.2d 182 (Fed. Cir. 1985); *Hayes v. Department of the Navy*, 15 M.S.P.R. 378, 380-81 (1983) *aff'd*, 727 F.2d 1535 (Fed. Cir. 1984). Thus, we also agree with the administrative judge's finding that

the appellant's off-duty misconduct is sufficiently egregious to apply the rebuttable presumption of nexus.[5] ID at 9.

If the employee's conduct is so egregious that a nexus is presumed, then the employee bears the burden of rebutting such a presumption. *Graybill*, 782 F.2d at 1573. In order to rebut the presumption of nexus, an appellant must rebut the second and third category set forth in *Kruger*, i.e., the appellant must establish that his off-duty misconduct did not affect his or his coworkers' job performance or the agency's trust and confidence in his job performance (*Kruger* category 2) and he must establish that the misconduct did not interfere with or adversely affect the agency's mission (*Kruger* category 3). *See Kruger*, 32 M.S.P.R. 71, 74. For the reasons discussed below, we find that the appellant did not successfully rebut either category, and thus we find that he did not rebut the presumption of nexus.

<u>The appellant's off-duty misconduct impacted the performance of his duties.</u>

The administrative judge found that the appellant successfully rebutted the presumption of nexus, in part, by finding that his off-duty misconduct did not impact the performance of his duties, explaining that the deciding official was unable to "credibly and logically" link the appellant's off-duty misconduct to his work as a research scientist and the quality of the scientific data he gathered and analyzed.[6] ID at 11. On review, the agency argues that the administrative judge took a "myopic" view of the appellant's job duties, because in addition to

---

[5] Neither party disputes the finding that a rebuttable presumption of nexus applies.

[6] The administrative judge found that the deciding official's testimony was not credible under *Hillen* because his assertions were "vague, speculative, generalized, and ultimately unpersuasive." ID at 11. A credibility assessment is proper when there is a factual dispute at issue. *See Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987) (stating that resolving credibility issues requires an administrative judge to identify the factual questions in dispute). The administrative judge does not identify nor do we find any factual disputes in this case which require a credibility assessment. Because the issue of nexus is a legal question, not a factual one, we need not defer to the administrative judge's finding. *See McNeil v. Department of Justice*, 117 M.S.P.R. 533, ¶ 14 (2012) (recognizing that the question of whether the agency has established nexus is a legal one).

researching and analyzing data, the appellant was also required to interact with and present the agency's work to external entities. PFR File, Tab 1 at 22.

The record supports a finding that the appellant's job involved more than simply gathering and analyzing data. The appellant, as a high-level supervisory chemist, was responsible for presenting the results of the agency's work, including making media appearances, attending national and international conferences, publishing in scientific journals, and presenting to and collaborating with important stakeholders such as state Government advisors, policy-makers, academic institutions, and other Federal agencies. HR (testimony of the deciding official, testimony of the appellant); PFR File, Tab 1 at 9, 20-23; IAF, Tab 7 at 103-110. The appellant has even been quoted in several magazines and newspapers, including the Los Angeles Times and Smithsonian Magazine, and has appeared in YouTube videos made by the agency and the National Aeronautics & Space Administration (NASA), a frequent collaborator of the agency. PFR File, Tab 1 at 21-23.

The appellant has not presented any evidence that establishes that his role did not require a substantial amount of public interaction. Indeed, the appellant's statements about his position support the agency's characterization. In his 2019 summary of accomplishments, the appellant identified several collaborative projects with NASA, numerous published scientific papers he authored, and national and international conferences he attended in his capacity as an agency employee. IAF, Tab 7 at 103-110. The appellant's testimony reiterates that in his position he worked closely with other Federal agencies, collaborated with academic institutions, had authored hundreds of scientific papers, and had presented and networked at various scientific conferences and conventions. HR (testimony of the appellant).

Accordingly, the assertion that the appellant merely gathered and analyzed data is incorrect. ID at 11. It is clear that an integral part of the appellant's job was to present the agency's work to outside parties. The deciding official

testified that to perform such duties, it was imperative for the appellant to conduct himself in a credible, reliable, and trustworthy manner. HR (testimony of the deciding official). However, because of his off-duty misconduct, the deciding official explained that the agency had lost confidence in the appellant's ability to be an effective representative for the agency. *Id.*; IAF, Tab 7 at 87-90.

The Federal Circuit has agreed that an agency's loss of trust and confidence in an employee who represented the agency to other agencies, grantees, state Governments or private institutions, adversely affects the employer-employee relationship and thus the efficiency of the service. *Allred*, 786 F.2d at 1131. For instance, in *Allred*, the appellant was employed as a Supervisory Cost Accountant, which required him to represent the agency before state and local Governments, universities, hospitals, and various other grantees in preparing cost allocation plans. *Id.* at 1129. The appellant was removed from his position after pleading *nolo contendere* to one felony count of child molestation. *Id.* In affirming the Board's decision to uphold the removal, the Federal Circuit expressly agreed with the Board's determination that the supervisor's loss of trust and confidence in an employee who represented the agency to numerous stakeholders affected the efficiency of the service. *Id.* at 1131. Similarly, here, the deciding official testified that he had lost trust and confidence in the appellant's ability to perform his duties. HR (testimony of the deciding official). As the appellant's position requires him to represent the agency to external stakeholders, we agree with the court in *Allred* that such loss in trust and confidence adversely affects the employer-employee relationship, and thus, the efficiency of the service. *Allred*, 786 F.2d at 1131. Contrary to the administrative judge's findings, we find that the appellant's performance of his duties was impacted by his off-duty misconduct. ID at 11-12. Thus, because the appellant failed to rebut the second *Kruger* category, i.e., performance of duties, he failed to rebut the presumption of nexus. *Kruger,* 32 M.S.P.R. 71, 74.

The appellant's off-duty misconduct undermined the agency's mission.

Nevertheless, even if the appellant established that his off-duty misconduct did not impact the performance of his duties, he would still fail to rebut the presumption of nexus because, contrary to the administrative judge's findings, we find that his off-duty misconduct undermined the agency's mission, i.e., the third *Kruger* category.[7] *Id.*; ID at 11.

As the deciding official explained during his testimony, the agency's mission is not only to research and collect scientific data, but also to disseminate such information to entities outside of the agency. HR (testimony of the deciding official). He explained that it was crucial for scientists, like the appellant, to be recognized as a credible voice so that the science could be relied upon by the entities in their decision making. *Id.* Furthermore, as the deciding official testified, the appellant's research included such important issues as climate change, and thus, it was imperative that the public have trust in the science being represented to them in order to combat the threat of climate skepticism. *Id.* Overall, the deciding official emphasized that credibility was necessary for the agency to effectively represent science, for that science to be relied upon by others, and that it not be placed in a position where its credibility could be questioned. *Id.*

It is apparent to us that the appellant's off-duty misconduct undermines the agency's mission. From the deciding official testimony, we understand that the agency's success hinges on its reputation for presenting credible and trustworthy data. Therefore, it would be antithetical to the mission of the agency to retain individuals who have engaged in conduct that calls into question their credibility, trustworthiness, or integrity, especially when these same individuals are expected,

---

[7] Because nexus may be proven by establishing either of the latter two categories set forth in *Kruger*, in order to successfully rebut a presumption of nexus, the appellant must successfully rebut both of the categories. *See Kruger*, 32 M.S.P.R. 71, 74. Thus, if the appellant fails to rebut one of the categories, then he fails to rebut the presumption of nexus. *Id.*

as part of their duties, to represent the agency's work. Employing such individuals places the agency's mission at risk by detracting from the scientific data, undermining public confidence in its representations, and placing the agency in a position where it must defend the source of the data versus the data itself.

The Board has held that it is sufficient for the agency to establish that public perceptions of an employee's misconduct would impair the efficiency of the agency by undermining public confidence in it. *Jordan v. Department of the Air Force*, 36 M.S.P.R. 409, 414 (1988), *aff'd*, 884 F.2d 1398 (Fed. Cir. 1989) (Table). The appellant's misconduct shocks the conscience, and calls into question his judgment, credibility, trustworthiness, integrity, and overall character. Further, the nature of the appellant's misconduct is well known among his peers, as the appellant admitted to disclosing his misconduct to numerous individuals, including those outside of the agency. HR (testimony of the deciding official, testimony of the appellant); IAF, Tab 18 at 10-28. Thus, it is not mere speculation by the agency that members of the community know about his misconduct. The reputational risk to the agency is significant, and the agency has a legitimate concern that the appellant's conduct detracts from its mission.

Therefore, we find that the deciding official articulated a clear and reasonable concern that the agency's mission was at risk if it continued to employ the appellant. HR (testimony of the deciding official). Furthermore, we do not find that the appellant presented sufficient evidence to rebut such a concern. Besides the appellant's bare assertion, there is no evidence that the agency's personnel contacted him after his arrest seeking his assistance in a work capacity. HR (testimony of the appellant). Nevertheless, to the extent that this did occur, it does not diminish the deciding official's testimony that the agency lost confidence in the appellant's ability to perform his duties, nor does it mitigate the agency's concern that the appellant's retention would undermine public confidence in the agency and its work. Similarly, while the appellant presented letters of support, the Board has found that such evidence does not outweigh the

agency's apprehension as to an appellant's ability to perform his duties and the effect of his proven misconduct on the efficiency of the service. IAF, Tab 18 at 10-28; *Jordan*, 36 M.S.P.R. 409, 414-15 (explaining that written statements of support by coworkers and satisfactory job performance did not outweigh the agency's legitimate apprehension as to his continued employment and the effect of his proven misconduct on the agency); *see Graham*, 49 M.S.P.R. 364, 368 (finding that the testimony and statements of support from coworkers and friends did not overcome the testimony of the appellant's postmaster that he had lost trust and confidence in the appellant). Accordingly, we find that the appellant's misconduct impacted the agency's mission, and thus he failed to present sufficient evidence to rebut the presumption of nexus.

The penalty of removal is within the bounds of reasonableness.

Because the administrative judge found that the appellant rebutted the presumption of nexus, she did not determine if removal was a reasonable penalty. ID at 12. Although we conclude that the administrative judge erred in finding that the appellant rebutted the presumption of nexus, a remand is not necessary as the record is complete and allows us to determine whether the penalty is reasonable. *Davis vs. Department of Veterans Affairs*, 106 M.S.P.R. 654, ¶ 7 (2007) (finding remand to address the appellant's discrimination claim unnecessary when the record is complete and therefore the Board can make the required findings).

When all of the agency's charges have been sustained, the Board will review an agency-imposed penalty only to determine if the agency considered all the relevant factors and exercised management discretion within tolerable limits of reasonableness. *Davis v. U.S. Postal Service*, 120 M.S.P.R. 457, ¶ 6 (2013). In reviewing an agency-imposed penalty, the Board must give due weight to the agency's primary discretion in maintaining employee discipline and efficiency; the Board's function is not to displace management's responsibility, but to ensure that managerial judgment has been properly exercised within tolerable limits of

reasonableness. *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 302 (1981).

Here, the record reflects that the agency considered all relevant factors and exercised its discretion within tolerable limits of reasonableness. The removal decision contains a detailed and comprehensive review of the relevant factors, noting the mitigating factors, but concluding that mitigation was not warranted. IAF, Tab 7 at 24-27. The deciding official's testimony reiterates the same information. HR (testimony of the deciding official).

The Board has consistently held that the nature and seriousness of the offense is the most important factor in a penalty determination. *Arena v. U.S. Postal Service*, 121 M.S.P.R. 125, ¶ 6 (2014), *aff'd per curiam*, 617 F. App'x 996 (Fed. Cir. 2015) (Table); *Raco v. Social Security Administration*, 117 M.S.P.R. 1, ¶ 14 (2011). The egregious nature of the appellant's misconduct alone is sufficient to warrant removal. Nevertheless, there are several other aggravating factors in this case. First, agencies are entitled to hold supervisors to a higher standard than nonsupervisors because they occupy positions of trust and responsibility. *Edwards v. U.S. Postal Service*, 116 M.S.P.R. 173, ¶ 14 (2010). The appellant is a supervisor, and his actions, which involved him abusing a position of trust as a parent, is antithetical to that of a supervisor. Second, the notoriety of his misconduct is significant, as his arrest is public record, his name appears on Colorado's misdemeanor sex offender registry, and, most importantly, he disclosed the facts of his misconduct to a sizeable number of individuals, including colleagues, and thus, the misconduct appears to be well-known at least within the scientific community. IAF, Tab 18 at 10-28; HR (testimony of the appellant); *Douglas*, 5 M.S.P.R. 280, 305 (stating that notoriety of the offense or impact upon the reputation of the agency is a factor to consider in penalty determination). We have also considered the mitigating factors in this appeal, including the appellant's approximate 20 years of service, the numerous awards

and accolades he has received, and his lack of prior discipline, but find that they are insufficient to support mitigation of the penalty.

Accordingly, because we find that the agency proved its charge, the appellant did not rebut the presumption of nexus, and the agency considered all relevant factors and did not exceed its managerial discretion in assessing the penalty, we affirm the removal.

## NOTICE OF APPEAL RIGHTS[8]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S.

---

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[9] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


*Gina K. Grippando*

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.